J-S56035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN EARL ALLABAUGH, | |
| Appellant | No. 24 MDA 2014 |

Appeal from the Judgment of Sentence November 25, 2013
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0000536-2013

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 26, 2014**

Appellant, Steven Earl Allabaugh, appeals from the judgment of sentence entered following his guilty plea to statutory sexual assault and related offenses.  Appellant's counsel has filed a brief and a petition to withdraw under **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), alleging that the appeal is wholly frivolous.  We affirm the judgment of sentence and grant counsel's request to withdraw.

On July 2, 2013, Appellant entered an open guilty plea to one count each of unlawful contact with a minor, incest, and statutory sexual assault.[1]

---

* Retired Senior Judge assigned to the Superior Court.

(*See* Guilty Plea, 7/02/12, at unnumbered page 1). The offenses involved his fourteen-year-old half-sister. Following receipt and review of a pre-sentence investigation report (PSI), on November 25, 2013, the sentencing court sentenced Appellant to a term of incarceration of not less than sixty-six months nor more than 132 months on the first count, to be followed by an aggregate consecutive term of probation of eight years on the remaining counts with credit for time served. (*See* N.T. Sentencing, 11/25/13, at 10-11). Further, the parties stipulated that Appellant met the criteria for a sexually violent predator. (*See id.* at 2-3).

On December 4, 2013, Appellant filed a motion to modify sentence, which the trial court denied on that same date. The instant, timely appeal followed. On December 31, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following the withdrawal of trial counsel and the appointment of new counsel, appellate counsel filed a statement of errors complained of on appeal on March 20, 2014. *See* Pa.R.A.P. 1925(b). On April 17, 2014, the trial court filed an opinion. *See* Pa.R.A.P. 1925(a). On July 8, 2014, counsel filed a petition to withdraw and an *Anders* brief.

On appeal, counsel in the *Anders* brief raises the following question for our review:

*(Footnote Continued)* ———————————

[1] 18 Pa. C.S.A. §§ 6318(a)(1), 4302(b)(2), and 3122(a)(1), respectively.

Whether the [t]rial [c]ourt abused its discretion in sentencing the Appellant[?]

(*Anders* Brief, at 1).

Appellant's court-appointed counsel has petitioned for permission to withdraw and has submitted an *Anders* brief, which is procedurally proper for counsel seeking to withdraw on direct appeal. *See Anders*, *supra*. Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361. When we receive an *Anders* brief, we first rule on the petition to withdraw and then review the merits of the underlying issues. *See Commonwealth v. Garang*, 9 A.3d 237, 240-41 (Pa. Super. 2010). In addition, "[p]art and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006).

In the instant matter, counsel has substantially complied with all the requirements of *Anders* and *Santiago*. Specifically, he has petitioned this Court to withdraw because the appeal was "wholly frivolous and that no meritorious issues exist." (Petition for Withdraw as Counsel, 7/08/14, at

unnumbered page 1).  In addition, after his review of the record, counsel filed a brief with this Court that provides a summary of the procedural history and facts with citations to the record, refers to any facts or legal theories that arguably support the appeal, and explains why he believes the appeal is frivolous.  (*See Anders* Brief, at 3-7).  Lastly, he has attached, as an exhibit to his petition to withdraw, a copy of the letter sent to Appellant giving notice of his rights, and including a copy of the *Anders* brief and the petition.  *See Commonwealth v. Millisock*, 873 A.2d 748, 749 (Pa. Super. 2005).  Appellant did not respond.  Because counsel has substantially complied with the dictates of *Anders*, *Santiago*, and *Millisock*, we will examine the issue set forth in the *Anders* brief that counsel believes has arguable merit.  *See Garang*, *supra* at 240-41.

On appeal, the *Anders* brief challenges the discretionary aspects of his sentence.[2]  The right to appeal the discretionary aspects of a sentence is not absolute.  *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004).  When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]"

---

[2] We note that Appellant preserved his discretionary aspects of sentence claim by filing a timely post-sentence motion for reconsideration of sentence.  (*See* Motion to Modify and Reduce Sentence, 12/04/13); *see also McAfee*, *infra* at 275.

*Commonwealth v. Anderson*, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." *Commonwealth v. Kimbrough*, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we determine whether a substantial question exists. *See Commonwealth v. Goggins*, 748 A.2d 721, 727 (Pa. Super. 2000), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* (emphases in original).

The *Anders* brief in the present case does not contain a Rule 2119(f) statement. "A failure to include the Rule 2119(f) statement does not automatically waive an appellant's argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement." *Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006), *appeal denied*, 927 A.2d 624 (Pa. 2007) (citation omitted). Because the Commonwealth has not objected to

the absence of the Rule 2119(f) statement, we will review Appellant's claim. (*See* Commonwealth's Letter, 6/24/14, at unnumbered page 1).

Appellant claims that his sentence was unreasonable and excessive. (*See Anders* Brief, at 6). However, Appellant concedes that his sentence was in the standard range of the Sentencing Guidelines. (*See id.*).

A claim that a sentence was excessive and unreasonable can raise a substantial question. *See Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002). However,

> [w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. . . . Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (some internal quotation marks and citations omitted). Here, the sentencing court stated that it had reviewed the PSI. (*See* N.T. Sentencing, 11/25/13, at 10). The sentencing court then sentenced Appellant in the standard range; thus, under our caselaw, the sentence is not excessive or unreasonable. *See Moury*, *supra*; *see also Commonwealth v. Cruz-Centeno*, 668 A.2d 536, 545-46 (Pa. Super. 1995), *appeal denied*, 676 A.2d 1195 (Pa. 1996) (stating combination of PSI and standard range sentence, absent more, cannot be considered excessive or unreasonable). Therefore, Appellant has

not raised a substantial question that his sentence was excessive and unreasonable, and we decline to address this issue.

Appellant's issue does not merit relief. Further, this Court has conducted an independent review of the record as required by **Anders** and **Santiago** and finds that no non-frivolous issues exist.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014