683 A.2d 681

COMMONWEALTH of Pennsylvania

v.

**Glen OAKES, Appellant.**

Superior Court of Pennsylvania.

Submitted May 23, 1996.

Filed Sept. 16, 1996.

Glen Oakes, pro se, appellant.

Christian A. Trabold, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CIRILLO, DEL SOLE and OLSZEWSKI, JJ.

DEL SOLE, Judge:

Appellant pleaded guilty to rape, corruption of minors, incest, and indecent assault in connection with the rape of his daughter. The trial court imposed a sentence of nine to thirty five years and denied Appellant's subsequent motion for reconsideration and reduction of sentence. On direct appeal, this court affirmed the judgment of sentence. *Commonwealth v. Oakes,* No. 773 Pittsburgh 1992, 430 Pa.Super. 649, 630 A.2d 463, filed April 16, 1993. Appellant thereafter filed a *pro se* Motion to Correct an Invalid Sentence. The trial court denied the motion and this appeal followed. We affirm.

Three issues are raised on appeal: (1) whether the trial court considered improper factors in determining Appellant's sentence; (2) whether the trial court employed proper procedure and followed applicable sentencing guidelines; and (3) whether failure to object to alleged prosecutorial overreaching constituted ineffective assistance of counsel in this case.

■ On direct appeal, appellant's counsel sought to withdraw on the ground that the appeal was wholly frivolous

226

pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In reviewing such a request, this court is required to "make a full examination of the proceedings and make an independent judgment to decide whether an appeal is wholly frivolous." *Commonwealth v. McClendon,* 495 Pa. 467, 471, 434 A.2d 1185, 1187 (1981). The determination that an appeal is wholly frivolous involves a higher standard and should be distinguished from a determination that an appeal lacks merit. *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974). A request to withdraw under *Anders* can be granted only after counsel has advised the court of anything in the record which would support appeal, and the court has performed a full, independent review of the record and determined that no issues support appeal. *Anders v. California, supra.* In granting counsel's motion to withdraw, we applied these standards and determined that an appeal would be wholly frivolous in this case.

On a second appeal an appellate court may not reopen or alter the resolution of a legal issue decided on a prior appeal by the same court or a higher court. *Commonwealth v. Starr,* 541 Pa. 564, 664 A.2d 1326 (1995); *Commonwealth v. Lenig,* 403 Pa.Super. 455, 589 A.2d 700 (1991). This court has already decided that there are no issues in this case which would support an appeal. That decision is binding and precludes further consideration of Appellant's case.

Order affirmed.