**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Felix VILSAINT, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 2, 2005.

Filed Feb. 13, 2006.

---

754

Stephen D. Kulla, Waynesboro, for appellant.

Todd R. Williams, Assistant District Attorney Chambersburg, for Commonwealth, appellee.

Before: DEL SOLE, P.J., KLEIN and BECK,* JJ.

OPINION BY KLEIN, J.:

¶ 1 Felix Vilsaint appeals from the judgment of sentence entered on May 18, 2005, in the Court of Common Pleas of Franklin County following the termination of Vilsaint's probation. After pleading *nolo contendere* to the charge of aggravated assault on a police officer,[1] Vilsaint was sentenced to 96 months' probation. As a special term of probation the sentencing court authorized the probation office to enroll Vilsaint into any "program probation officials deem necessary." *See* 8/24/04 Sentencing Order. The probation officer assigned to the case ordered Vilsaint not to consume any alcohol. Vilsaint twice tested positive for alcohol consumption. As a result, the trial court found Vilsaint in violation of the terms of his probation and sentenced him to serve the remainder of his sentence in prison. Vilsaint has appealed and his counsel has filed an *Anders*[2] brief and a motion to withdraw. Because counsel has not complied with the requirements of *Anders,* we remand and deny the motion to withdraw as counsel.

¶ 2 The essence of *Anders* is that counsel, without actually arguing against his or her own client, sets forth all arguments put forward by the client. In the motion to withdraw, filed with the brief, counsel asserts he or she has diligently reviewed the official record and asserts the issues raised to be wholly frivolous. Part and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated.

¶ 3 Here, counsel has overlooked an issue of arguable merit, has failed to provide this Court with the means necessary to properly review the record, and has argued against his own client in the appellate brief. Therefore, we remand this matter for further consideration.

Terms of Probation

¶ 4 From those portions of the record that are available for review and from the skeleton that represents Vilsaint's appellate brief, it is apparent that there is arguable merit to Vilsaint's claim he was improperly found to be in violation of the terms of his probation.

¶ 5 The violation of probation was based on Vilsaint being found intoxicated two times. This "fact" of intoxication was apparently (we cannot say for certain because the notes of testimony for the violation of probation hearing have not been supplied to this Court) stipulated to. However, there is nothing in the official record to indicate Vilsaint was ever properly ordered not to drink.

¶ 6 The Order of Court dated August 25, 2004, which is in the official record, is a pre-printed form order. Number four on that form contains a variety of special conditions, including a specific place to note a defendant "may NOT CONSUME any beverage containing alcohol" (emphasis in original). This special condition is conspicuously left unchecked. The only special condition noted by the court is that probation officials may enroll Vilsaint into any program they deem appropriate.

¶ 7 We first note that a probation officer telling Vilsaint he cannot drink is not and cannot fairly be equated to enrolling a probationer into a program. Under the

---

* Judge Beck did not participate in this decision.

1. A number of other drug charges against Vilsaint were dismissed.

2. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981).

direct authority of the court, probation officials were entitled to order Vilsaint to obtain alcohol counseling. If the probation officer felt Vilsaint had a problem with alcohol, then he was authorized to require counseling. Simply telling Vilsaint not to drink is not the equivalent of enrolling him into a program.

¶ 8 More importantly, however, is the question of whether the probation officer had the authority to order that special condition of probation. Counsel and the trial court cite to *Commonwealth v. Martin*, 396 A.2d 671 (Pa.Super.1978), in support of the proposition that a probation officer may set forth the specific details of probation, when it is the custom of the county.

¶ 9 There are two problems with this contention. First, the record contains a document, the pre-printed order mentioned above, that lists the specific court ordered terms and special conditions of probation. This is an official court order and is one that only a judge may issue. The record is silent as to how it can be the custom of the county to allow probation officers to set the terms and conditions of probation where a pre-printed court order contains those very terms and conditions. If the custom is to allow probation to set those terms, then we question why Franklin County has gone to the trouble and expense of pre-printing that information on a court order.

¶ 10 Second, *Martin* relies on *Commonwealth v. Duff*, 201 Pa.Super. 387, 192 A.2d 258 (Pa.Super.1963), as its support for granting a probation office such wide latitude. *Duff*, in turn, arrived at its conclusion with the following reasoning:

In contrast with other jurisdictions where very detailed provisions as to the conditions which may be imposed and the administration of probation are found in the statutes, in Pennsylvania, the entire administration of adult probation, *including the conditions which may be imposed* and the extent of the supervision of probationers, has been left to the quarter sessions courts which have had to develop their own systems of probation. This extremely wide variation from county to county which has developed by 1956 is seen in the study made for the Governor's Commission on Penal Affairs and the Governor's Commission on Children and Youth made by the National Probation and Parole Association.

*Commonwealth v. Duff*, 201 Pa.Super. 387, 192 A.2d 258, 260–61 (1963) (emphasis added).

¶ 11 By all appearances, in 1963, when *Duff* was decided, there was no statewide control over the probation process. This led to the wide variety of county systems mentioned above. *Duff* further mentions that due to the lack of statewide control over probation, the local courts of quarter sessions, which have not existed for many years now, had to establish their own systems out of necessity.

¶ 12 This haphazard system of probation is simply no longer the case. We now have the benefit of 42 Pa.C.S. § 9754, which lists specific conditions a court may order for probation.[3] *See* 42 Pa.C.S. § 9754(c). Further, section 9754(b) states: "The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it seems necessary to

---

**3.** 42 Pa.C.S. § 9754 was, according to the Historical Notes, originally enacted in 1974. *Martin* makes no mention of this section, simply referring back to *Duff*. The reasoning of *Duff* can no longer apply, given the existence

of section 9754 and statutory control over probation terms. *Martin* seems to have ignored this. It may take an *en banc* panel of our court to address this discrepancy.

insure or assist the defendant in leading a law abiding life." Thus, the legislature has specifically empowered the court, not the probation offices and not any individual probation officers, to impose the terms of probation.[4] While Vilsaint may have been told not to drink by his probation officer and Vilsaint may have agreed not to drink, that agreement would not be considered to be a special term or condition of probation subject to violation because it had not been ordered by the court. If a probation officer cannot properly impose a special condition of probation, then it is fundamentally unfair to incarcerate a person, in this case for the remainder of his 96 month sentence, for "violating" a condition never officially imposed. Indeed, it seems impossible to violate a non-imposed condition.[5]

■ ¶ 13 In light of the above discussion of *Martin, Duff* and 42 Pa.C.S. § 9754, it appears that counsel overlooked an arguably meritorious issue. Even if the argument does not prove successful, it cannot be deemed frivolous. Thus, this aspect of counsel's brief fails our review under *Anders*.

Technical Issues

■ ¶ 14 In addition to the substantive issues discussed above, counsel has failed to adhere to the technical requirements of *Anders*.

■ ¶ 15 As mentioned above, the record in this matter is incomplete in that we have not been supplied with the transcripts of any of the proceedings. One of the requirements under *Anders* is that our Court conducts an independent review of the record. We cannot do this because counsel has failed to insure, as is his duty to his client, that we have received the entire record.[6] Although Vilsaint pled no contest to the original charges, there is no transcript of that proceeding in the official record. Nor is there a transcript of the sentencing hearing which apparently took place on August 25, 2004. Finally, the official record contains no transcript from the violation of probation hearing and subsequent resentencing. Because counsel has not fulfilled the requirements of filing an *Anders* brief by denying this Court the ability to fully comply with our obligation

4. The conditions listed in section 9754(c) do not specifically include an order not to consume alcohol. This condition would be found in the catch-all authority found in section 9754(c)(13) "To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience."

5. The courts have recognized "implied conditions" of probation, such as "do not commit another crime." Such implied conditions are obvious in nature. Drinking alcohol and/or being intoxicated are not illegal in and of themselves. Thus, we do not believe the consumption of alcohol to be included in the realm of "implied conditions" of probation.

6. *See generally* Pa.R.A.P. Chapter 19, Transmission of Record. All appellants are required to insure a sufficient record is

delivered to our Court for review. This requirement is especially important where counsel had filed an Anders brief and motion to withdraw. The filing of the *Anders* brief triggers the duty of our Court to conduct an independent review of the entire record to make sure counsel has fully represented his client's interest. *See Commonwealth v. Oakes*, 453 Pa.Super. 224, 683 A.2d 681, 682, (1996) (petition to withdraw required reviewing court to make full examination of proceedings and make independent judgment to decide whether appeal is wholly frivolous). Thus, when *Anders* is implicated, the entire record needs to be transmitted. The failure to insure a sufficient record is transmitted to our Court is always a matter for concern. That failure is more notable where counsel concurrently files a motion to withdraw based upon the assertion the record is devoid of meritorious issues.

to review the entire record, we cannot allow counsel to withdraw.

¶ 16 If no transcripts from these hearing exist, then it is clear that counsel cannot have reviewed the record to the extent required by *Anders/McClendon.* If the transcripts do exist, counsel has failed to insure their inclusion into the official record. Either way, counsel had failed to adhere to the requirements of *Anders.*

¶ 17 Our review of the official docket supplied by the Court of Common Pleas of Franklin County makes no indication that any transcripts were filed with the court.[7] However, the docket entry for May 25, 2005 ordering Vilsaint to file his Pa.R.A.P. 1925(b) statement of matters complained of on appeal also directs counsel to serve upon the court reporter a statement of the portions of the record that must be transcribed. There is no indication from the record that counsel ordered any or all of the notes of testimony. Counsel cites to no testimony in his brief. Counsel does not directly state he reviewed any notes of testimony in his motion to withdraw.[8] Given that this represents a direct appeal, and that counsel has filed an *Anders* brief, it would be prudent, if not mandatory, for counsel to have ordered all the notes of testimony. As noted, counsel cannot fulfill the mandates of *Anders* unless he has reviewed the entire record.

¶ 18 Finally, the substance of the brief itself represents a misunderstanding of the *Anders/McClendon* requirements. Under *Anders/McClendon,* "counsel must file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief." *Commonwealth v. Heron,* 449 Pa.Super. 684, 674

A.2d 1138, 1139 (1996). Counsel may not file a brief that argues against his client's interest. *Commonwealth v. Smith,* 700 A.2d 1301, 1304 (Pa.Super.1997). A brief that essentially argues for affirmance is unacceptable. *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513, 515 (1974). In the argument section concerning the terms of probation, counsel's total argument consists of one sentence telling this Court the issue is either waived or must fail. This does not fulfill the requirements of *Anders/McClendon.*

¶ 19 Because counsel has filed a technically and substantively inadequate *Anders* brief, we must remand this matter so counsel can file either a proper *Anders* brief or an advocate's brief. Counsel shall have 45 days from the date of this Opinion to file his brief. The Commonwealth shall have 30 days thereafter to file a responsive brief.

¶ 20 Motion to withdraw denied. This matter is remanded for proceedings consistent with this decision. Panel jurisdiction retained.

---

7. It is possible that Franklin County does not note such things on their docket.

8. Counsel does state he has reviewed the "facts" of the case. This might, but does not necessarily, include a review of the notes of testimony.