J-S02022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KRISTOFER CARL CADE, | |
| Appellant | No. 95 EDA 2014 |

Appeal from the Judgment of Sentence of December 6, 2013
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000090-2013

BEFORE:  MUNDY, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                **FILED MARCH 10, 2015**

Appellant, Kristofer Carl Cade, appeals from the judgment of sentence entered on December 6, 2013, following his stipulated bench trial conviction for persons not to possess a firearm.[1]  On appeal, counsel filed an application to withdraw from representation pursuant to **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981) and its federal precursor, **Anders v. California**, 386 U.S. 738 (1967), as well as an **Anders** brief on Appellant's behalf.  Upon careful consideration, we grant counsel leave to withdraw and affirm the judgment of sentence.

The trial court aptly summarized the facts and procedural history of this case as follows:

---

[1]  18 Pa.C.S.A. § 6105.

On November 11, 2012, Officer [David] Wiley of the Abington Police Department conducted a traffic stop of a silver Chevrolet Tahoe with a Pennsylvania license plate number GPW7435, when it went through a steady red light. [Appellant was a passenger in the vehicle.] At the time of the traffic stop, the officer detected an odor of marijuana and observed a partially burnt marijuana cigar.

Officer Wiley conducted a search incident to arrest due to an active [arrest] warrant on Appellant. As a result of that search, Officer Wiley found a firearm, a silver and black Taurus model PT92AF. The firearm was a semi-automatic 9-millimeter pistol and it was operable. The firearm was loaded with 15 rounds in the magazine and one round in the [chamber].

Appellant has a prior conviction for possession with intent to deliver for importing cocaine, a felony offense which prohibits Appellant from possessing a firearm and makes him a person not to possess a firearm.

On December 6, 2013, [after waiving his right to a jury trial and stipulating to the aforementioned facts, the trial court found Appellant guilty of firearm possession and sentenced] Appellant [to 3½ to 10 years of imprisonment]. A timely appeal was filed on December 26, 2013. In response, [the trial court] issued an order directing Appellant to file a concise statement of errors complained of on appeal in conformance with Pa.R.A.P. 1925(b) ("1925(b) statement"). Appellant did not file a 1925(b) statement, and instead requested an extension of time. An extension was granted, allowing Appellant an additional 30 days from January 24, 2014. Appellate counsel did not comply, and on March 5, 2014, [the trial court] authored an [o]pinion stating that counsel's failure to file a 1925(b) statement precluded a meaningful review. Subsequently, appellate counsel filed a petition for limited remand with [this Court]. On May 5, 2014, [this Court] remanded the case back to [the trial court] for 60 days for the filing of a 1925(b) statement and a corresponding [Pa.R.A.P.] 1925(a) [o]pinion. On May 19, 2014, appellate counsel filed a 1925(b) statement and [the trial court filed an opinion on May 28, 2014].

- 2 -

Trial Court Opinion, 5/28/2014, at 1-2.[2]

On appeal, counsel filed a purported *Anders* brief in this Court and an accompanying application to withdraw as counsel. The *Anders* brief presents two potential issues for our review:

> Did the trial court manifestly abuse its discretion and commit reversible error when it denied Appellant's motion to suppress evidence obtained from a traffic stop that Appellant contends was made without probable cause?
>
> Did the trial court manifestly abuse its discretion and commit reversible legal error when it refused to make an inference adverse to the Commonwealth where the video recording of Appellant's traffic stop was lost by the police?

Appellant's Brief at 4 (complete capitalization omitted).

"Initially, we note that we may not address the merits of the issue raised on appeal without first reviewing the request to withdraw." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. *Id.* (citation omitted).

---

[2] The trial court's opinion is not paginated. For ease of reference, we have supplied page numbers to our citations.

Herein, counsel's petition to withdraw from representation states that he reviewed the record and concluded that the appeal is frivolous. Additionally, counsel notified Appellant that he was seeking permission to withdraw and furnished Appellant with copies of the petition to withdraw and *Anders* brief, and advised Appellant of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's attention.[3] Accordingly, counsel has satisfied the procedural requirements of *Anders*.

Having concluded that counsel has complied with the procedural mandates of *Anders*, we now determine whether counsel's *Anders* brief meets the substantive dictates. In the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. *Id.* Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. *Id.* (citation omitted).

_____

[3] Appellant has not responded to counsel's petition to withdraw.

Instantly, counsel provided the facts and procedural history of the case. Based upon his review, counsel concludes that suppression was not warranted because police had probable cause to stop the vehicle at issue for a violation of the Motor Vehicle Code. Appellant was a passenger in a car that proceeded through a red light in contravention of 75 Pa.C.S.A. § 3112(a)(3)(i). Appellant's Brief at 23. Appellant also contends that the trial court erred by failing to draw an adverse inference against the Commonwealth because the police officer's dashboard camera video was destroyed prior to trial. However, counsel concludes that the trial court "found that the video recording was lost as a result of a technical error" which occurred "when a police technician attempted to download the file containing the video recording onto a compact disk or a USB driver … that rendered the video file unusable." *Id.* at 30. Counsel notes, the trial court found "that the Abington Police Department was not at fault for [the video's] loss." *Id.* Further, counsel maintains that the trial court "also determined that the lost video recording did not contain any exculpatory evidence." *Id.* Based upon the foregoing, we conclude that counsel has complied with the minimum requirements of *Anders*. We now turn to the issues presented on appeal.

In his first issue presented, Appellant contends:

> [The trial court] erroneously ruled that there was sufficient cause for Officer Wiley to stop [the] Chevrolet Tahoe in Abington Township [on the day in question] where [Appellant] contends that the controlling traffic signal was

- 5 -

green when the Tahoe went through the intersection of Mount Carmel Avenue and Limekiln Pike. As a result, [Appellant] contends, the stop of his friend's silver Tahoe lacked probable cause, was illegal, and any evidence that was discovered following that illegal stop was subject to suppression as the fruit of the poisonous tree.

Appellant's Brief at 18.

"Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. McAdoo*, 46 A.3d 781, 783 (Pa. Super. 2012). "[T]he reviewing court may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the of the entire record." *Commonwealth v. Lagenella*, 83 A.3d 94, 98 (Pa. 2013). "[I]t is exclusively the province of the suppression court to determine the credibility of the witnesses and weight to be accorded their testimony." *Commonwealth v. Krisko*, 884 A.2d 296, 299 (Pa. Super. 2005).

A police officer has the authority to stop a vehicle when he or she has reasonable suspicion that a violation of the motor vehicle code has taken place, for the purpose of obtaining necessary information to enforce the provisions of the code. *Commonwealth v. Brown*, 64 A.3d 1101, 1105 (Pa. 2013), *citing* 75 Pa.C.S.A. § 6308(b). "However, if the violation is such

that it requires no additional investigation, the officer must have probable cause to initiate the stop." ***Id.*** (citation omitted; original emphasis omitted).

Here, the trial court determined that Officer Wiley had probable cause to conduct a vehicular stop of the car in which Appellant was riding because the driver of the vehicle drove through a steady red light. Trial Court Opinion, 5/28/2014, at 3-5. The trial court credited Officer Wiley's version of events. ***Id.*** at 4. Officer Wiley testified that he was positioned directly behind the silver Chevrolet when he witnessed it travel through a steady red light. ***Id.*** More specifically, Officer Wiley testified that while the car initially veered to the right as if to turn onto Limekiln Pike when the traffic light displayed a right green arrow, the car veered back quickly to the left and continued straight on Mount Carmel Avenue. ***Id.*** However, the light remained red for traffic continuing straight and, thus, Officer Wiley instituted a traffic stop for running a red light. ***Id.***

Upon review of the record and based upon our standard of review, we discern no abuse of discretion in denying Appellant's suppression motion. Officer Wiley had probable cause that a motor vehicle violation had occurred. "Vehicular traffic facing a steady red signal alone shall stop at a clearly marked stop line, or if none, before entering the crosswalk on the near side of the intersection, or if none, then before entering the intersection and shall remain standing until an indication to proceed is shown[.]" 75 Pa.C.S.A.

§ 3112 (a)(3)(i). Officer Wiley testified that there was a steady red light at the intersection at issue, the driver of the silver Chevrolet started to move right as a green arrow indicated, but then veered left and went straight through the red light. Here, the trial court credited the police officer's version of events over Appellant's account of the incident. We will not usurp those credibility determinations. Because Officer Wiley had probable cause that a motor vehicle code violation occurred, the vehicular stop was appropriate. The **Anders** brief does not challenge any ensuing search or seizure and, based upon our independent review of the record, we find that they conformed with the law. Accordingly, the trial court's denial of suppression was supported. Hence, Appellant's first issue fails.

In his next issue presented, Appellant claims the trial court abused its discretion when it "failed to take [a]n inference adverse to the Commonwealth as a result of the destruction [by the Abington Police Department] of the video recording of [] the traffic stop of the silver Chevrolet Tahoe in which [Appellant] was riding[.]" Appellant's Brief at 25. Appellant suggests the inference was necessary as a remedy for the alleged spoliation. **Id.** at 26.

Our Supreme Court summarized the relevant legal principles that govern the Commonwealth's obligation to avoid the suppression or loss of exculpatory evidence consistent with the Due Process Clause of the United

States Constitution, as interpreted in *Brady v. Maryland*, 373 U.S. 83 (1963). Our Supreme Court explained:

> In *Brady,* the [Supreme Court of the United States] held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. This Court has held that to prove a *Brady* violation, the defendant has the burden of demonstrating that: (1) the prosecutor has suppressed evidence; (2) the evidence, whether exculpatory or impeaching, is helpful to the defendant, and (3) the suppression prejudiced the defendant. Prejudice is demonstrated where the evidence suppressed is material to guilt or innocence. Further, favorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Koehler*, 36 A.3d 121, 133 (Pa. 2012) (internal quotation marks and citations omitted).

A different rule applies where the Commonwealth fails to preserve evidence that is **potentially useful**, as opposed to materially exculpatory. In cases where the prosecution has discarded potentially useful evidence, a due process violation occurs only where the Commonwealth's failure to preserve was done in bad faith, regardless of the centrality of the evidence for the prosecution or defense and regardless of whether the evidence was introduced at trial. *Commonwealth v. Snyder*, 963 A.2d 396, 404 (Pa. 2009). Where the constitutional right to preservation of evidence is at issue,

the Supreme Court of the United States has distinguished "material exculpatory evidence" from "potentially useful evidence" as follows:

> The Due Process Clause of the Fourteenth Amendment, as interpreted in **Brady**, makes the good or bad faith of the State irrelevant when the State fails to disclose to the defendant material exculpatory evidence. But we think the Due Process Clause requires a different result when we deal with the failure of the State to preserve evidentiary material of which no more can be said than that **it could have been subjected to tests, the results of which might have exonerated the defendant** [,*i.e.* so-called "potentially useful evidence"].

**Arizona v. Youngblood**, 488 U.S. 51, 57 (1988) (emphasis added). Bad faith is shown where evidence is discarded under circumstances "in which the police themselves by their conduct indicate that the evidence could form a basis for exonerating the defendant." **Id.** at 58.

In this case, the trial court "found that the video did not contain any exculpatory evidence." Trial Court Opinion, 5/28/2014, at 6. The trial court "concluded that the video from the dash[board] cam[era] was not retrievable due to no fault of Officer Wiley." **Id.** The trial court's determinations were "based on Officer Wiley's credible testimony, discerned from the officer's demeanor and lack of motive to be untruthful." **Id.** Upon review, we agree.

Officer Wiley testified that he and a computer technician "were attempting to remove [the video] from [the police computer] server" when they "ran into an error and for some reason the video was purged from the system[.]" N.T., 8/29/2013, at 9. He testified that the error was not the

- 10 -

result of deliberate misconduct. *Id.* at 10. Officer Wiley said this was the first time he had contact with Appellant and he had no reason to be dishonest about his dealings with Appellant. *Id.* at 11.

In this case, there was no evidence presented that the police dashboard recording would have definitively shown that the vehicle in which Appellant was riding did not drive through a steady red light. Indeed, no one saw the content of the video before it was lost. It is equally likely that the recording would have corroborated Officer Wiley's version of events. At best, the video in the instant case was merely potentially useful and not materially exculpatory. Therefore, Appellant was required to show that the Commonwealth acted in bad faith by destroying the recording. The trial court determined, and the record confirms, that Officer Wiley did not destroy the video in bad faith, but its damage resulted from a technical error. Thus, we reject Appellant's second claim as presented.

Further, after an independent review of the entire record, we see nothing that might arguably support this appeal. *See Commonwealth v. Vilsaint*, 893 A.2d 753, 758 n.6 (Pa. Super. 2006) ("The filing of the *Anders* brief triggers the duty of our Court to conduct an independent review of the entire record to make sure counsel has fully represented his client's interest."). The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw appearance.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judge Wecht joins this memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2015