J-S14024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT D. STALKER, | |
| Appellant | No. 1562 EDA 2014 |

Appeal from the Judgment of Sentence of April 21, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0008251-2013

BEFORE: DONOHUE, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.: **FILED APRIL 01, 2015**

Appellant, Robert D. Stalker, appeals from the judgment of sentence entered on April 21, 2014, following the trial court's acceptance of his *nolo contendere* plea to resisting arrest.[1] On appeal, counsel filed an application to withdraw from representation pursuant to ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981) and its federal precursor, ***Anders v. California***, 386 U.S. 738 (1967), as well as an ***Anders*** brief on Appellant's behalf. Upon careful consideration, we grant counsel leave to withdraw and affirm Appellant's conviction.

We briefly summarize the facts of this case, as gleaned from the certified record, as follows. On November 15, 2013, for safety reasons,

---

[1] 18 Pa.C.S.A. § 5104.

police asked Appellant several times to leave the area of a construction site at the Darby Fire Company #1 located at Quarry Street in Delaware County, Pennsylvania. At one point, Appellant reached inside his jacket and a police struggle ensued. Appellant initially wrestled with a police officer and then became rigid and would not allow the officer to place him in restraints. Police transported him to the police station and once Appellant's wrist restraints were removed, he struck the arresting officer again. Once subdued, Appellant appeared to have a seizure and medics restrained Appellant and removed him from the police station on a stretcher. At Fitzgerald Mercy Hospital, Appellant yelled, cursed, spat, and fought against his restraints.

Accordingly, the Commonwealth charged Appellant with various crimes including, *inter alia*, defiant trespass, criminal trespass, aggravated assault, simple assault, disorderly conduct, and resisting arrest. On April 21, 2014, as per a plea agreement with the Commonwealth, Appellant pled *nolo contendere* to resisting arrest and the remaining charges were dismissed. On that same day, the trial court imposed the negotiated sentence of time served to 23 months of imprisonment. This timely appeal resulted.[2]

---

[2] Appellant filed a timely notice of appeal on May 19, 2014. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In accordance with Pa.R.A.P. 1925(c)(4), counsel for Appellant filed a statement that he intended to file an **Anders** brief with this Court.

On appeal, counsel filed an **Anders** brief in this Court and an accompanying application to withdraw as counsel. The **Anders** brief presents one potential issue for our review:

> Whether Appellant's sentence should be vacated because the [t]rial [c]ourt failed to inform Appellant of the legal standard to be invoked if Appellant chose to withdraw his plea?

Appellant's Brief at 2.

"Initially, we note that we may not address the merits of the issue raised on appeal without first reviewing the request to withdraw." **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. **Id.** (citation omitted).

Herein, counsel's petition to withdraw from representation states that he reviewed the record and concluded that the appeal is frivolous. Additionally, counsel notified Appellant that he was seeking permission to withdraw and furnished Appellant with copies of the petition to withdraw and **Anders** brief, and advised Appellant of his right to retain new counsel or proceed *pro se* to raise any points he believes worthy of this Court's

attention.[3] Accordingly, counsel has satisfied the procedural requirements of *Anders*.

Having concluded that counsel has complied with the procedural mandates of *Anders,* we now determine whether counsel's *Anders* brief meets the substantive dictates*.* In the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. *Id.* Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous. *Id.* (citation omitted). Counsel has complied with these directives. We now turn to the issue presented on appeal.

"Appellant contends that the failure to inform [him] of the standard that would apply to a petition to withdraw the plea is tantamount to failure to determine whether he understood and voluntarily accepted the terms of the plea." Appellant's Brief at 6, *citing* Pa.R.Crim.P. 590(B)(2).

On this issue, we have recently determined:

> To be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. A manifest injustice occurs when a

---

[3] Appellant has not responded to counsel's petition to withdraw.

plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Under Rule 590, the court should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea. The reviewing Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

Nevertheless, [k]nowledge of the procedural aspects of the right to withdraw the plea does not bear upon whether it was voluntary in the first instance. If the colloquy properly informs the defendant of the rights he is waiving by virtue of the plea, and the defendant knows his sentence, the guilty plea is not involuntary or unknowing simply because the court failed to inform the defendant beforehand of the standard that would apply to a petition to withdraw the plea. In other words, the integrity of a defendant's plea remains intact even if the court failed to inform the defendant of how, when, or under what circumstances the plea could be withdrawn.

*Commonwealth v. Prendes*, 97 A.3d 337, 352-353 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014) (internal citations and quotations omitted).

Upon review of the record and the totality of circumstances, we conclude the trial court confirmed the Rule 590 prerequisites prior to accepting Appellant's plea. Hence, Appellant's plea was tendered knowingly,

intelligently, voluntarily, and understandingly. Under ***Prendes***, the plea remains intact regardless of whether the trial court informed Appellant beforehand of the standard that would apply to a petition to withdraw the plea. Accordingly, we conclude Appellant's issue is frivolous.

Further, after an independent review of the entire record, we see nothing that might arguably support this appeal. ***See Commonwealth v. Vilsaint***, 893 A.2d 753, 758 n.6 (Pa. Super. 2006) ("The filing of the ***Anders*** brief triggers the duty of our Court to conduct an independent review of the entire record to make sure counsel has fully represented his client's interest."). The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw appearance.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/2015