J-S83020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROSE M. FRIEND, | |
| Appellant | No. 275 WDA 2016 |

Appeal from the Judgment of Sentence January 26, 2016
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001432-2015

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                 **FILED NOVEMBER 18, 2016**

Rose M. Friend ("Appellant") appeals from the judgment of sentence entered following her plea of no contest to criminal mischief.  Appellate counsel has filed a petition to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We grant counsel's petition to withdraw and affirm the judgment of sentence.

Baden Borough Police Officer Ryan Chimile was dispatched on June 25, 2015, at approximately 6:00 a.m. to investigate a report of a car on fire.

---

[*]  Retired Senior Judge assigned to the Superior Court.

Upon his arrival at 755 Schiller Street, Officer Chimile observed a black Ford Mustang in the driveway with heavy burn damage on the passenger side. The officer spoke with the owner of the vehicle, William Ewing. While the officer and Mr. Ewing were talking, Appellant approached them and asked what had happened. Officer Chimile had seen Appellant walking a dog approximately 200 yards from the home in the opposite direction when he was responding to the call. Mr. Ewing identified Appellant as possibly being responsible for the damage to his car. He explained that Appellant was staying as a guest at his residence and they had argued earlier in the morning. Appellant adamantly denied any suggestion that she was involved with or had knowledge of the fire.

The fire officials on scene alerted Officer Chimile to a strong smell of gasoline near the Mustang and the back porch. Mr. Ewing noticed that one of his gasoline cans was missing from the back porch. Officer Chimile found a gasoline can on the wooded hill behind the residence. While fire officials reviewed video from the camera Mr. Ewing had placed directly over his Mustang and porch, Officer Chimile questioned Appellant, who continued to deny any involvement in or knowledge of the fire.

Based on his preliminary investigation, Officer Chimile took Appellant into custody for questioning and transported her to the police department. In the questioning room, he smelled a strong odor of gasoline emanating from Appellant's person. Appellant was advised of and acknowledged her

rights. After further questioning, she eventually told Officer Chimile that she may have accidentally started a fire. According to Appellant, she had used gasoline to clean paint brushes. She lit one of the brushes on fire with a brown lighter, which was found on the back porch of the residence. After the paint brush caught fire, Appellant left and proceeded to walk the dog away from the home.[1]

The trial court summarized the procedural history of this case:

On September 14, 2015, the Commonwealth of Pennsylvania filed a criminal information against Appellant, Rose M. Friend, that included one count of reckless burning or exploding of an automobile in violation of 18 Pa. C.S.A. § 3301(d)(2) (Felony 3), and one count of criminal mischief causing pecuniary loss in excess of $5,000, in violation of 18 Pa. C.S.A. § 3304(a)(1) (Felony 3). Following a status conference on September 24, 2015, the case was listed for jury trial. However, on January 15, 2016, Appellant entered a counseled plea of no contest to count 2, criminal mischief.

On that same day, this [c]ourt sentenced Appellant to between 6 months and 2 years in the Beaver County Jail. Following sentence, Appellant and counsel signed a notice of rights following sentence and a nolo contendere plea colloquy form, which advised Appellant of her right to file an appeal within 30 days of imposition of sentence.

On January 25, 2016, Appellant, by her attorney, filed a motion to withdraw her plea, averring that she did not commit the offense. This [c]ourt denied her motion on January 26, 2016.

On February 19, 2016, the [c]ourt received notice of Appellant's intent to appeal. On March 1, 2016, this [c]ourt ordered Appellant to provide a concise statement of errors

---

[1] Affidavit of Probable Cause, 6/21/15, at 1–2; N.T. Plea, 1/15/16, at 8–10.

complained of on appeal in accordance with Pennsylvania Rule of Appellate Procedure 1925(b) ("Discretion to file statement of errors filed of on appeal; instructions to the appellant and the trial court.") On March 17, 2016, counsel for Appellant filed a statement of errors, which consisted of the following:

> Whether there are any issues of arguable merit that could be raised on direct appeal presently before this court?

> Counsel, finding no merit in Appellant's claims, submitted [a] . . . brief which set forth counsel's conclusion that the appeal is frivolous and his reasons for that position.

Trial Court Opinion, 3/28/16, at 1–2.

As noted, counsel has filed a petition to withdraw from representation and an **Anders** brief. When we receive an **Anders** brief, we first rule on the petition to withdraw and then review the merits of the underlying issues. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). In addition, "[p]art and parcel of **Anders** is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." **Commonwealth v. Vilsaint**, 893 A.2d 753, 755 (Pa. Super. 2006).

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Cartrette*, 83 A.3d at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within the petition to withdraw, counsel averred that he conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the *Anders* brief and the petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that she could represent herself or that she could retain private counsel.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361). Upon review, we find that counsel's brief is compliant with *Santiago*. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

As Appellant has not filed a response to counsel's motion to withdraw or a *pro se* brief, we review this appeal based on the discussion contained within the **Anders** brief. Therein, counsel presents the following issue:

I. WHETHER THERE ARE ANY ISSUES OF ARGUABLE MERIT THAT COULD BE RAISED ON DIRECT APPEAL PRESENTLY BEFORE THIS COURT?

**Anders** Brief at 6.

In answering this question, counsel concludes that there are no issues of arguable merit. Specifically, counsel argues that: (1) there is no jurisdictional issue, *id.* at 9; (2) Appellant's sentence is legal, *id.* at 10; (3) Appellant's plea was valid, *id.* at 10–11; and (4) Appellant's claim of innocence is unsubstantiated, *id.* at 11–12.

Additionally, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. ***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014). Like appellate counsel, we conclude that there are no meritorious issues that could be raised on appeal. Thus, we grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/2016