J-S12014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRETT MICHAEL SMEAL | : | |
| | : | |
| Appellant | : | No. 757 MDA 2018 |

Appeal from the Judgment of Sentence Entered April 18, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000287-2017,
CP-41-CR-0000499-2018

BEFORE: BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 17, 2019**

Brett Michael Smeal appeals from the judgment of sentence of six to twelve years of incarceration that was imposed after he pled guilty to failing to verify his address and failing to provide accurate registration information, as required under the Pennsylvania sex offender registration and notification act ("SORNA").[1] Appellant's counsel, Dance Drier, Esquire, has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We deny counsel's request to withdraw and remand for counsel to take appropriate action in conformance with our decision.

---

[1] This Court does not quash the present appeal, despite Appellant's failure to file separate notices at each docket number, as this appeal was filed prior to the decision in ***Commonwealth v. Walker***, 185 A.3d 969, 971 (Pa. 2018), which applies prospectively.

On September 9, 2013, Appellant was convicted of unlawful contact or communication with a minor based on an incident that occurred on June 13, 2013, and he was sentenced to six to twenty-three months of incarceration in the Lycoming County prison. As a result of this conviction, Appellant was deemed a Tier II sexual offender, and was required to register for a period of twenty-five years pursuant to SORNA.

In December of 2016, Appellant moved from his registered address, but did not register the change with the Pennsylvania State Police ("PSP"). The Commonwealth charged Appellant with failing to comply with sexual offender registration requirements under SORNA. On August, 23, 2017, Appellant pled guilty to the charge in exchange for an agreed upon sentence of thirteen to sixty months of incarceration. Sentencing was deferred in order for a pre-sentence investigation report to be prepared. Appellant failed to appear for sentencing twice, resulting in the revocation of the plea agreement and his bail.

In the meantime, in March of 2018, Appellant was charged at a separate information with twelve counts of failing to provide accurate registration information and three counts of failing to register with the PSP, after Appellant did not provide accurate information regarding his employment, his Facebook account, and his email address.

On April 18, 2018, Appellant appeared before the trial court to enter an open guilty plea at both cases. Appellant pled guilty at each case to one count of failing to register in exchange for the Commonwealth's withdrawal of the

remaining charges. The trial court sentenced Appellant to an aggregate sentence of six to twelve years of incarceration.

Appellant filed a timely notice of appeal. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement and the clerk of courts to prepare the appropriate transcripts within fourteen days after receipt of a request by Appellant. Counsel filed a timely concise statement, but did not order any transcripts. In response, the trial court authored an opinion.

In this Court, counsel filed both an **Anders** brief and a petition to withdraw as counsel, which triggers specific requirements:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

**Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa.Super. 2007). Our Supreme Court has also clarified portions of the **Anders** procedure:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statues on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361. If counsel has met these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Id*. at 354 n.5.

Counsel's petition to withdraw and *Anders* brief substantially complies with the technical requirements set forth above. Counsel has set forth the case history, referred to an issue that arguably supports the appeal, stated his conclusion that the appeal is frivolous, and cited to controlling case law. *See Anders* brief at 6-14. Additionally, counsel gave Appellant proper notice of his right to immediately proceed *pro se* or retain another attorney.[2] *See Santiago*, *supra*; Petition to Withdraw, 1/14/19, at 2.

However, in our independent review of the record, we discovered that the notes of testimony from Appellant's guilty plea and sentencing proceeding are not included. Without these notes of testimony, counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues. *Commonwealth v. Vilsaint*, 893 A.2d 753, 758 (Pa.Super. 2006) ("[C]ounsel cannot fulfill the mandates of *Anders* unless he has reviewed the entire record."). We therefore cannot conclude that counsel met his obligations pursuant to *Anders*. *See Commonwealth v. Flowers*, 113 A.3d 1246, 1251 (Pa.Super. 2015) (denying counsel's petition to withdraw and

---

[2] Appellant did not file a response to counsel's petition.

remanding because counsel failed to obtain and review guilty plea transcripts). As such, we deny counsel's petition to withdraw and remand with instructions for counsel to obtain the missing notes of testimony and to supplement the certified record within thirty days of receipt with either an advocate's brief or another ***Anders*** brief and petition seeking to withdraw, following counsel's review of a complete record.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.