J-S35023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IAN BROWER PETRIE | : | |
| | : | |
| Appellant | : | No. 595 MDA 2025 |

Appeal from the Judgment of Sentence Entered March 31, 2025
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0000823-2023

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:        **FILED: NOVEMBER 4, 2025**

Ian Brower Petrie (Appellant) appeals from the judgment of sentence imposed following his negotiated guilty plea to one count each of rape of a child and indecent assault, and two counts each of sexual abuse of children.[1] Appellant's appointed counsel, William Bispels, Esquire (Attorney Bispels), has filed in this Court a motion to withdraw as counsel and an accompanying brief in accordance with ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 249 (Pa. 2009).  We deny Attorney Bispels's motion to withdraw and direct him to take remedial action consistent with this memorandum.

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3126(a)(1), 6312(b).

The underlying factual history is immaterial to our disposition. Succinctly, on June 26, 2024, Appellant entered a negotiated guilty plea to the above-described offenses, arising from his creation of two videos depicting his sexual contact with a child, who was four or five years old at the time. After Appellant underwent an assessment by the Sexual Offender Assessment Board, the trial court conducted a combined sexually violent predator (SVP) and sentencing hearing on March 31, 2025. At the conclusion of the hearing, the trial court designated Appellant as an SVP, subject to lifetime registration under the Sexual Offender Registration and Notification Act. The trial court also sentenced Appellant, pursuant to the plea agreement, to an aggregate term of 14 to 35 years in prison.

Attorney Bispels filed a timely notice of appeal on Appellant's behalf. Appellant and the trial court have complied with Pa.R.A.P. 1925. Subsequently, on August 6, 2025, Attorney Bispels filed in this Court a motion to withdraw as counsel and an accompanying **Anders** brief.

We address Attorney Bispels's motion to withdraw before considering the issues raised in the **Anders** brief. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." (citation omitted)). Counsel seeking to withdraw from representation must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has

determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he … has the right to retain private counsel to raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to *Santiago*, counsel must also

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citing *Santiago*, 978 A.2d at 361). Once counsel has complied with the procedural requirements, we review the record and render an independent judgment as to whether the appeal is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, Attorney Bispels filed an *Anders* brief and a separate motion to withdraw from representation. In his motion to withdraw, Attorney Bispels stated he conducted a thorough review of the record and concluded Appellant's appeal is frivolous. *See* Motion to Withdraw, 8/6/25. Attorney Bispels included with his motion to withdraw a letter to Appellant, informing Appellant of Attorney Bispels's intent to withdraw and explaining Appellant's right to raise additional claims by proceeding *pro se* or retaining private counsel. However, the proofs of service for the *Anders* brief and motion to withdraw do not reflect that Attorney Bispels served a copy to Appellant.

- 3 -

Furnishing copies of these documents is an essential requirement for withdrawal under **Anders**. Without evidence of record that Attorney Bispels served Appellant with the requisite documents, we cannot grant Attorney Bispels's motion to withdraw.

Moreover, the substance of the **Anders** brief is woefully deficient. Attorney Bispels identifies a challenge to the evidence supporting Appellant's designation as an SVP. However, the argument section contains a single paragraph and is completely devoid of citation to relevant legal authority. **See** Pa.R.A.P. 2119(a) (providing an appellate argument shall include "such discussion and citation of authorities as are deemed pertinent"). Attorney Bispels fails to identify anything in the record that could arguably support Appellant's appeal. Instead, Attorney Bispels follows his fleeting argument for Appellant with an explanation as to why a challenge to Appellant's SVP designation lacks merit.[2] "Counsel may not file a brief that argues against his client's interest. A brief that essentially argues for affirmance is unacceptable." **Commonwealth v. Vilsaint**, 893 A.2d 753, 758 (Pa. Super. 2006) (citations omitted); **id.** (observing that an **Anders** brief "does not resemble a 'no merit' letter," and must refer "to anything that might arguably support the appeal…."); **see also Commonwealth v. Nelson**, 170 MDA 2025, 2025 WL 2320320 (Pa. Super. filed Aug. 12, 2025) (unpublished

---

[2] This portion of the **Anders** brief, which is titled "Counsel's Averment of No-Merit," is the only section of the brief that includes citations to the record.

memorandum) (in an unrelated case, denying Attorney Bispels's application to withdraw and rejecting his *Anders* brief as deficient, where it failed to include pertinent legal citations and advanced conclusory statements against the appellant's interest); *Commonwealth v. Lenhardt*, 71 MDA 2025, 2025 WL 2320443 (Pa. Super. filed Aug. 12, 2025) (unpublished memorandum) (same).[3] For these reasons as well, Attorney Bispels has failed to fulfill the requirements of *Anders* and *Santiago*.

Accordingly, we deny Attorney Bispels's motion to withdraw from representation. We direct Attorney Bispels to file either a proper *Anders* brief or an advocate's brief. Moreover, if Attorney Bispels chooses to file a proper *Anders* brief, he shall send copies of the new *Anders* brief, motion to withdraw, and letter to Appellant with amended certificates of service demonstrating proper service on Appellant. Attorney Bispels must file proofs of service with this Court reflecting service of the required documents to Appellant. Attorney Bispels is ordered to complete these actions within 30 days from the filing of this memorandum. If Attorney Bispels files a new *Anders* brief, Appellant shall have 30 days to respond.

Motion to withdraw denied. Panel jurisdiction retained.

---

[3] This Court's unpublished memorandum decisions filed after May 1, 2019, may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).