J-S09010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOEL BROWN | : | |
| | : | |
| Appellant | : | No. 1333 EDA 2025 |

Appeal from the Judgment of Sentence Entered March 20, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001624-2023

BEFORE: MURRAY, J., LANE, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY MURRAY, J.:                    **FILED APRIL 22, 2026**

Joel Brown (Appellant) appeals from the judgment of sentence imposed following his convictions of one count each of aggravated assault and possession of an instrument of crime (PIC).[1] We remand for the issuance of a Pa.R.A.P. 1925(b) order in compliance with Pa.R.Crim.P. 114.

Based on our disposition, we need not detail the factual and procedural history of this appeal. After a jury convicted Appellant of the above-mentioned offenses, the trial court sentenced him to 72 to 192 months in prison, followed by one year of reentry supervision. Appellant filed a post-trial motion, which the trial court denied.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 907(a).

This timely appeal followed. On May 29, 2025, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. Appellant did not comply.

On July 21, 2025, the trial court issued an opinion emphasizing Appellant's failure to file a Rule 1925(b) concise statement or to request an extension of time to do so. *See* Trial Court Opinion, 7/21/25, at 2. The court therefore opined that Appellant failed to preserve any claims for appellate review. *See id.* at 2-3 (citing Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement … are waived.")).

As with all orders, the clerk of courts must promptly serve each party with a copy of a Rule 1925(b) order. Pa.R.Crim.P. 114(B)(1). Additionally, the clerk of courts shall promptly note on the docket the following information: (1) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice. Pa.R.Crim.P. 114(C). The requirements of Rule 114 are mandatory. *See Commonwealth v. Hess*, 810 A.2d 1249, 1252-53 (Pa. 2002).

Instantly, the docket reflects that the trial court filed its concise statement order on May 29, 2025. However, the docket does not indicate the date or manner of service of the order upon Appellant. As the clerk of courts failed to serve Appellant with a copy of the Rule 1925(b) order, and did not note such service on the docket, we must remand for the issuance of a new

Rule 1925(b) order in accordance with Rule 114(C). ***See id.*** at 1255 (concluding that "[a]ppellant cannot be penalized for failing to file a timely 1925(b) statement" where he was not served with notice of the order directing him to do so).

On remand, the trial court is directed to enter a new Rule 1925(b) order within 30 days of this judgment order. The clerk of courts shall serve Appellant with a copy of the order and note the date and manner of service on the docket in accordance with Rule 114(C). Thereafter, counsel shall file either a Rule 1925(b) concise statement on Appellant's behalf, or a Rule 1925(c)(4) statement of his intent to withdraw in lieu of filing a concise statement. If Appellant timely files his concise statement in accordance with the new Rule 1925(b) order, the trial court shall, within 30 days thereafter, prepare and file a Rule 1925(a) opinion addressing the errors raised in the concise statement.[2]

---

[2] Appellant's counsel filed, in this Court, an application to withdraw as counsel on November 4, 2025, and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967). In light of our disposition, we deny counsel's application to withdraw. Should counsel subsequently choose again to seek withdrawal from representation, we caution counsel that a proper ***Anders*** brief must refer to anything in the record which counsel believes arguably supports the appeal. ***See Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009) (detailing the substantive requirements for withdrawal under ***Anders***). Additionally, counsel may not simply argue against Appellant's interests. ***See Commonwealth v. Vilsaint***, 893 A.2d 753, 758 (Pa. Super. 2006).

- 3 -

Application to withdraw denied. Case remanded with instructions. Jurisdiction retained.