J-S31029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ASHLYNN TAYLOR HARTMAN | |
| Appellant | No. 2027 MDA 2015 |

Appeal from the Judgment of Sentence September 16, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000006-2015

BEFORE: SHOGAN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED JUNE 09, 2016**

Ashlynn Taylor Hartman appeals from the judgment of sentence imposed September 16, 2015, in the Franklin County Court of Common Pleas. The trial court imposed an aggregate sentence of eight to 36 months' imprisonment, following Hartman's guilty plea to charges of possession of a controlled substance and theft.[1] Contemporaneous with this appeal, Hartman's counsel has filed a petition to withdraw from representation and an **Anders** brief. **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981). The sole issue addressed in the **Anders** brief is a challenge to the discretionary aspects of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §780-113(a)(16) and 18 Pa.C.S. § 3921(a), respectively.

Hartman's sentence. For the reasons that follow, we deny counsel's petition to withdraw, and remand for further proceedings.

The facts underlying Hartman's guilty plea are as follows. On November 7, 2014, Hartman stole three hydrocodone pills from the complainant, Ralph Kline. When confronted by the police, Hartman admitted to the theft, and, on August 5, 2015, entered a guilty plea to the above-stated charges. On September 16, 2015, the trial court imposed a sentence of six to 24 months' imprisonment for the charge of possession of a controlled substance, and a consecutive term of two to 12 months' imprisonment for the charge of theft.[2] Hartman filed a timely post sentence motion seeking modification of her sentence. The trial court denied the motion on October 23, 2015, and this timely appeal followed.[3]

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any

_____

[2] The same day, Hartman was sentenced in three separate cases for violations of probation. **See** Docket Nos. 1353-2012, 364-2013, and 1212-2014. On those charges, the court imposed an aggregate term of 30 to 72 months' imprisonment, and ordered that sentence to run consecutively to the sentence imposed herein. The appeals from those sentences were consolidated, and are pending before this Court. **See** Superior Court Docket Nos. 1800 MDA 2015, 1801 MDA 2015, and 1802 MDA 2015.

[3] On November 20, 2015, the trial court ordered Hartman to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hartman complied with the court's directive, and filed a concise statement on December 11, 2015.

of the substantive issues raised on appeal. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Pursuant to ***Anders*** and its progeny, in order for counsel to withdraw, counsel must:

> 1) petition the court for leave to withdraw stating that, **after making a conscientious examination of the record**, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (emphasis supplied).

Here, it appears counsel has technically complied with the requirements for withdrawal outlined in ***Anders***, ***supra***, and its progeny. Notably, counsel filed a petition for leave to withdraw, in which she states her belief that the appeal is wholly frivolous, filed an ***Anders*** brief pursuant to the dictates of ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the ***Anders*** brief to Hartman and advised Hartman of her right to retain new counsel or proceed *pro se*.[4] ***Cartrette***, ***supra***, 83 A.3d at 1032.

Nevertheless, in order to withdraw from representation, counsel is required to conduct a review of the **entire record** to ensure there are no

---

[4] Hartman has not responded to counsel's ***Anders*** brief.

non-frivolous issues for appeal. ***Cartrette***, ***supra***. Our review of the certified record, however, reveals no transcript from Hartman's guilty plea hearing. "Without these notes of testimony, [c]ounsel could not have fulfilled [her] duty to review the entire record for any non-frivolous issues." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (denying petition to withdraw and remanding for further proceedings when guilty plea transcript was not included in certified record). ***See also Commonwealth v. Vilsaint***, 893 A.2d 753 (Pa. Super. 2006).

Accordingly, we conclude counsel failed to fulfill her obligations for withdrawal pursuant to ***Anders*** and its progeny.[5] Therefore, we deny counsel's petition to withdraw and remand with instructions to counsel to obtain the notes of testimony from Hartman's August 5, 2015, guilty plea hearing. Within 30 days of receipt of that transcript, and after a thorough review of the record, counsel is then directed to file either an advocate's brief or another ***Anders*** brief and concomitant petition to withdraw as counsel.

Petition to withdraw as counsel denied. Case remanded for proceedings consistent with this Memorandum. Panel jurisdiction retained.

---

[5] We note that, in her petition for leave to withdraw, counsel **did not aver** that she conducted a "conscientious examination of the record." ***Cartrette***, 83 A.3d at 1032 (Pa. Super. 2013). Rather, she simply stated that she had "reviewed all issues for appeal." Petition of Counsel for Leave to Withdraw, 1/26/2016, at ¶ 3.