J-S22038-17

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PHILLIP MALDONADO, | |
| Appellant | No. 1504 MDA 2016 |

Appeal from the Judgment of Sentence August 31, 2016
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0000656-2015

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 13, 2017**

Appellant, Phillip Maldonado, appeals from the judgment of sentence imposed on August 31, 2016, following his jury conviction of drug delivery resulting in death[1] and related offenses.  Appellant's counsel has filed a brief and a petition to withdraw under **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), alleging that the appeal is wholly frivolous.  We affirm the judgment of sentence and grant counsel's request to withdraw.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2506(a).

On April 27, 2015, the Commonwealth filed a criminal information charging Appellant with one count each of drug delivery resulting in death, criminal conspiracy,[2] possession with intent to deliver a controlled substance,[3] and receiving stolen property.[4] A jury trial took place on August 3, 2016.

At trial, Commonwealth eyewitness Tiffany Hoover testified that, on May 16, 2014, she purchased drugs from Appellant. (**See** N.T. Trial, 8/03/16, at 18-20). Appellant introduced her to the victim and asked her if she wanted to make some money, which Ms. Hoover understood as having sex or "doing other things" with the victim. (**Id.** at 20). Ms. Hoover observed that the victim had bags of heroin that he purchased from Appellant; bags identical in appearance to bags she purchased from Appellant. (**See id.** at 20-21). The victim and Ms. Hoover then drove to a motel, smoking crack cocaine, purchased from Appellant, together. (**See id.**). When they got into the motel room, Ms. Hoover stated that she injected heroin that she had purchased from Appellant, while the victim sniffed his heroin. (**See id.** at 21-23). Then, at the victim's request, Ms. Hoover contacted Appellant to purchase more heroin. (**See id.** at 22).

---

[2] 18 Pa.C.S.A. § 903(a)(1).

[3] 35 P.S. § 780-113(a)(30).

[4] 18 Pa.C.S.A. § 3925(a).

Appellant came to the motel and delivered an additional four bags of heroin. (*See id.*). Ms. Hoover helped the victim inject one bag of heroin; shortly thereafter, she observed the victim get sick and then go into a sleepy state. (*See id.* at 24-25). At that point, Ms. Hoover stole some of the victim's property and left. (*See id.* at 25). The next morning, the motel's assistant manager found the victim dead in the room and contacted the police. (*See id.* at 11-12).

Lebanon City Police Detective William Walton testified that he spoke with Appellant on three separate occasions. (*See id.* at 46-50). In his first statement, Appellant admitted that he purchased a specific brand of heroin called Sale on Ms. Hoover's behalf, then sold it to her on May 16, 2014. (*See id.* at 46). He also admitted going to the motel to sell additional drugs to her, but claimed it was crack cocaine not heroin. (*See id.* at 47). During the second conversation, Appellant claimed that when Ms. Hoover contacted him for additional heroin, it was too late in the evening to contact the dealer he purchased it from and that this was why he delivered crack cocaine. (*See id.* at 48). During the third conversation, Appellant admitted delivering the second batch of heroin to Ms. Hoover but claimed that she must have tampered with it before giving it to the victim. (*See id.* at 50).

Sergeant Jonathan Hess of the Lebanon City Police testified that when he gave Appellant a copy of the charges in the instant matter, Appellant

stated that he gave the heroin to Ms. Hoover and she "shot [the victim] up." (***Id.*** at 65).

The parties stipulated that the victim died because of mixed substance toxicity. (***See id.*** at 68). Namely, he had ethanol (alcohol), morphine, cocaine, cocaethylene, benzoylecgonine, and 6-monoacetylmorphine in his blood at the time of death. (***See id.***).

Joann Sell, the retired manager of the toxicology department for Health Network Laboratories, also testified as an expert at trial. (***See id.*** at 69, 79). Ms. Sell stated that neither the amounts of alcohol nor the amounts of cocaine in the victim's blood were sufficient to cause death. (***See id.*** at 90, 92-94). She testified that, to a reasonable degree of scientific certainty, the victim would not have died but for the use of heroin. (***See id.*** at 94-95, 105, 108).

At the close of the Commonwealth's evidence, Appellant moved for a judgment of acquittal with respect to the count of receiving stolen property. (***See id.*** at 112). The trial court granted the motion. (***See id.***).

Appellant took the stand on his own behalf. (***See id.*** at 113). Appellant testified that he both used and sold drugs, sometimes acting as an intermediary, purchasing drugs from another dealer and selling them to a user. (***See id.*** at 113-15). He admitted that he purchased the Sale brand of heroin from another dealer and sold it to Ms. Hoover on May 16, 2014. (***See id.*** at 115). He also admitted that, later that day, after receiving a

phone call from Ms. Hoover, he took a cab to the motel and sold her crack cocaine; he believed it was too late at night to get more of the Sale brand of heroin. (*See id.* at 116-18). Appellant claimed that Ms. Hoover was alone at the motel room and averred that he had never sold drugs to the victim and did not ever see him. (*See id.* at 118-19).

The jury convicted Appellant of all remaining charges, including involuntary manslaughter, which Appellant requested. (*See id.* at 133, 139-40). On August 31, 2016, the trial court sentenced Appellant to an aggregate term of incarceration of not less than nine nor more than nineteen years to be served consecutively to any other sentence. (*See* Sentencing Order, 8/31/16, at i-iii). On September 8, 2016, Appellant filed both a timely notice of appeal and a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On November 2, 2016, the trial court issued an order adopting an earlier opinion as its Rule 1925 opinion. (*See* Order, 11/02/16, at unnumbered page 1); Pa.R.A.P. 1925(a).

On December 9, 2016, counsel filed a motion to withdraw and *Anders* brief in this Court. Appellant has filed a response.

On appeal, both the *Anders* brief and Appellant's response raise identical issues, namely that the evidence was insufficient to sustain Appellant's conviction and that he received ineffective assistance of trial counsel. (*See Anders* Brief, at 7-12; Appellant's Brief, at 4-11).

Appellant's counsel has petitioned for permission to withdraw and has submitted an *Anders* brief, which is procedurally proper for counsel seeking to withdraw on direct appeal. *See Anders*, *supra* at 744. Court-appointed counsel who seeks to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

> . . . (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361. When we receive an *Anders* brief, we first rule on the petition to withdraw and then review the merits of the underlying issues. *See Commonwealth v. Garang*, 9 A.3d 237, 240-41 (Pa. Super. 2010). In addition, "[p]art and parcel of *Anders* is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006).

In the instant matter, counsel has substantially complied with all the requirements of *Anders* and *Santiago*. Specifically, he has petitioned this Court to withdraw because "the appeal filed in this matter is wholly frivolous and without any merit." (Application for Relief in the Nature of a Motion to Withdraw as Counsel, 12/09/16, at unnumbered page 1). In addition, after his review of the record, counsel filed a brief with this Court that provides a summary of the procedural history and facts with citations to the record,

- 6 -

refers to any facts or legal theories that arguably support the appeal, and explains why he believes the appeal is frivolous. (*See Anders* Brief, at 4-13). Lastly, he has attached, as an exhibit to his motion to withdraw, a copy of the letter sent to Appellant giving him notice of his rights, and including a copy of the *Anders* brief and the petition. (*See* Application for Relief in the Nature of a Motion to Withdraw as Counsel, 12/09/16, at Exhibit A); *see also Commonwealth v. Millisock*, 873 A.2d 748, 751-52 (Pa. Super. 2005). As noted above, Appellant responded with a brief raising the same issues as those raised in the *Anders* brief. Because counsel has substantially complied with the dictates of *Anders*, *Santiago*, and *Millisock*, we will examine the issues set forth in both briefs. *See Garang*, *supra* at 240-41.

In his first and second issues, Appellant claims the evidence was insufficient to sustain his conviction for drug delivery resulting in death.[5] (*See Anders* Brief, at 7-12; Appellant's Brief, at 5-11). Because Appellant's sufficiency issues are interrelated, we address them together.

Our standard of review for sufficiency of the evidence claims is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, **when viewed**

---

[5] Appellant does not challenge the sufficiency of the evidence underlying his conviction on the remaining charges. (*See Anders* Brief, at 7-12; Appellant's Brief, at 5-11).

**in a light most favorable to the Commonwealth as verdict winner**, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2012) (citation omitted) (emphasis added).

The jury convicted Appellant of drug delivery resulting in death, 18 Pa.C.S.A. § 2506(a), which states:

**(a) Offense defined.**—A person commits a felony of the first degree if the person intentionally administers, dispenses, delivers, gives, prescribes, sells or distributes any controlled substance or counterfeit controlled substance in violation of section 13(a)(14) or (30) of the act of April 14, 1972 (P.L. 233, No. 64) known as The Controlled Substance, Drug, Device and Cosmetic Act, and another person dies as a result of using the substance.

18 Pa.C.S.A. § 2506(a) (footnote omitted).

Appellant contends that the evidence was insufficient to sustain his conviction because the Commonwealth did not prove that: (1) he supplied the heroin to the victim, (**see Anders** Brief, at 10-12; Appellant's Brief, at 7-8); and (2) the heroin was the sole cause of death, *i.e.* that the victim

died of mixed toxicity (***see Anders*** Brief, at 7-9; Appellant's Brief, at 5-7). We disagree.

Here, as discussed above, Ms. Hoover testified that both she and the victim purchased heroin and crack cocaine from Appellant. (***See*** N.T. Trial, 8/03/16, at 18-21). After using the initial bags of heroin, Ms. Hoover contacted Appellant to purchase additional heroin; Appellant came to their motel room and sold them additional heroin. (***See id.*** at 21-22). Ms. Hoover helped the victim inject one bag of the heroin, and when he began to get sleepy she left, stealing some of the victim's property. (***See id.*** at 24-25). This evidence is clearly sufficient to show that Appellant supplied the heroin to the victim.

Moreover, Appellant's claim is, in essence, a contention that the jury should have credited his testimony that he did not sell the heroin to the victim and not credited Ms. Hoover's testimony. (***See Anders*** Brief, at 12; Appellant's Brief, at 7-8). However, such an argument goes to the weight of the evidence, not the sufficiency of the evidence. ***See Commonwealth v. W.H.M., Jr.***, 932 A.2d 155, 160 (Pa. Super. 2007) (claim that jury should have believed appellant's version of event rather than that of victim goes to weight, not sufficiency of evidence); ***Commonwealth v. Wilson***, 825 A.2d 710, 713-14 (Pa. Super. 2003) (review of sufficiency of evidence does not include assessment of credibility of testimony; such claim goes to weight of evidence); ***Commonwealth v. Gaskins***, 692 A.2d 224, 227 (Pa. Super.

1997) (credibility determinations are made by finder of fact and challenges to those determinations go to weight, not sufficiency of evidence). Accordingly, Appellant's claim that the evidence was insufficient to show that he supplied the heroin lacks merit.

Appellant also claims that the Commonwealth failed to prove that the heroin caused the victim's death. (*See Anders* Brief, at 7-9; Appellant's Brief, at 5-7). Initially, we note that Appellant does not point to any Pennsylvania case that has found that a court cannot convict a person of drug delivery resulting in death in a case of mixed toxicity. (*See id.*). Rather, in *Commonwealth v. Kakhankham*, 132 A.3d 986 (Pa. Super. 2015), *appeal denied*, 138 A.3d 4 (Pa. 2016), this Court held that the statute, "requires a 'but-for' test of causation." *Kakhankham*, *supra* at 993.

Here, the parties stipulated that the cause of the victim's death was mixed substance toxicity. (*See* N.T. Trial, 8/03/16, at 68). The Commonwealth's expert averred that the victim had used alcohol, cocaine, and heroin prior to his death. (*See id.* at 89). She stated that the levels of alcohol and cocaine in the victim's blood were not at amounts that would cause a fatality. (*See id.* at 90, 93). However, she stated that the heroin, which the victim had used immediately prior to his death, was above fatal levels. (*See id.* at 89-92). When questioned about causation, Ms. Sell testified as follows:

[Ms. Sell]:  . . . Had he not used the heroin, it's my opinion that alcohol of .10 would not have killed him.  And the little bit of cocaine and the combination of the alcohol would not have killed him.  Whether he would've died with just the morphine and not alcohol, I-I can't say that.

[The Commonwealth]:  So from what you just said then, the alcohol and the cocaine, alone or together, would not have resulted in death, but when you add heroin to the combination it becomes fatal, correct?

[Ms. Sell]:  Correct.

[The Commonwealth]:  And so if he didn't use heroin he would not have died?

[Ms. Sell]:  Correct.

* * *

[Ms. Sell]:  . . . If he only had alcohol and he only had cocaine, he would not have — in my opinion, he would not have died.

* * *

[The Commonwealth]:  But what you can say is the alcohol and the cocaine alone didn't kill him?

[Ms. Sell]:  Correct.

[The Commonwealth]:  Only when you add heroin to the equation does he die?

[Ms. Sell]: Correct.

(N.T. Trial, 8/03/16, at 94-95, 105, 108).  Therefore, the evidence at trial showed that but-for the victim's use of heroin, he would not have died. Thus, the evidence was sufficient to demonstrate that the victim died because he used heroin sold to him by Appellant.  **See Kakhankham**, **supra** at 993.   Appellant's first and second issues lack merit.

- 11 -

In his final issue, Appellant maintains that he received ineffective assistance of trial counsel because of a conflict of interest. (*See Anders* Brief, at 9-10; Appellant's Brief, at 9-11). However, this claim is not ripe for review.

Our Supreme Court reaffirmed the holding of *Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013). In *Holmes*, our Supreme Court held, "claims of ineffective assistance of counsel are to be deferred to [PCRA] review; trial courts should not entertain claims of ineffectiveness upon post[-]verdict motions; and such claims should not be reviewed upon direct appeal." *Holmes*, *supra* at 576 (footnote omitted).

The *Holmes* Court noted two narrow exceptions for "extraordinary circumstances" to the broader rule, holding "where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffectiveness is both meritorious and apparent from the record so that immediate consideration and relief is warranted," and allowing review for "good cause," such as the shortness of a sentence, of "multiple, and indeed comprehensive, ineffectiveness claims" if such review is accompanied by a knowing, voluntarily, and express waiver of PCRA rights. *Id.* at 577–78. Instantly, neither of these exceptions applies. Therefore, Appellant's ineffective assistance of counsel issue is premature and we decline to

address the merits. This is without prejudice to Appellant's right to present these ineffectiveness claims in a timely PCRA petition.

Appellant's issues lack merit. Further, this Court has conducted an independent review of the record as required by *Anders* and *Santiago* and finds that no non-frivolous issues exist.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/13/2017