J-S55006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL LUIS SOTO, | : | |
| | : | |
| Appellant | : | No. 445 MDA 2017 |

Appeal from the Judgment of Sentence November 10, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0003997-2014,
CP-40-CR-0004000-2014

BEFORE:   DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED SEPTEMBER 08, 2017**

Appellant, Angel Luis Soto, appeals from the Judgment of Sentence entered in the Luzerne County Court of Common Pleas on November 10, 2016, following his guilty plea on two counts of Delivery of a Controlled Substance.  With this appeal, Appellant's counsel, Matthew P. Kelly, Esquire, has filed a Petition to Withdraw and an **_Anders_**[1] brief, stating that the appeal is wholly frivolous.  After careful review, we affirm the Judgment of Sentence and grant counsel's Petition to Withdraw.

The procedural history relevant to the instant appeal is as follows.  On January 11, 2016, Appellant pled guilty to two counts of Delivery of a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_Anders v. California_**, 386 U.S. 738 (1967).

Controlled Substance.[2]  The trial court ordered, and subsequently reviewed, a Pre-Sentence Investigation Report.  On November 10, 2016, the trial court sentenced Appellant to twenty-one to forty-two months of incarceration on each count, which was the bottom of the standard range of the Sentencing Guidelines in the instant case.  The trial court ordered the sentences to run consecutive to one another, for an aggregate term of forty-two to eighty-four months of imprisonment.  The trial court granted Appellant credit for 234 days of incarceration served prior to sentencing.

Appellant filed a timely Post-Sentence Motion challenging the discretionary aspects of his sentence, which the trial court denied on March 2, 2017.

Appellant filed a timely notice of appeal.  Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant raises a single allegation of error, namely: "Whether the trial court abused its discretion in sentencing Appellant to consecutive rather than concurrent sentences and whether such sentence constitutes an excessive sentence[?]"  Appellant's Brief at 1.

As Appellant's counsel has filed an ***Anders*** Brief, we must consider his request to withdraw prior to reviewing Appellant's claims on the merits. ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010).

---

[2] The two counts stem from separate transactions, which occurred on July 21, 2014, and November 2, 2014.

Counsel has complied with the mandated procedure for withdrawing as counsel. *See Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009) (articulating *Anders* requirements); *Daniels, supra* at 594 (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Appellant has not filed a response.

As a result, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous. *Santiago, supra* at 358; *Commonwealth v. Vilsaint*, 893 A.2d 753, 755 (Pa. Super. 2006).

In his first issue, Appellant challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issue in a Post-Sentence

Motion to modify his sentence, and including a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement"). As to whether Appellant has presented a substantial question, we note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation omitted).

With regard to the imposition of consecutive sentences, this Court has held:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581, 587 (Pa. Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012)[(*en banc*)].
>
>> [An appellant] may raise a substantial question where [s]he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Swope***, 123 A.3d 333, 338-39 (Pa. Super. 2015) (citation and quotation omitted).

As this Court has emphasized, "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa. Super. 2011) (citation and quotation omitted).

In the case *sub judice*, Appellant's challenge to the imposition of consecutive sentences does not raise a substantial question permitting our review. The trial court imposed two consecutive sentences at the bottom of the standard range of the sentencing guidelines for each offense. The resulting sentence is neither excessive nor unreasonable, and falls far short of the "extreme circumstances" which might raise a substantial questions for this Court's review. Appellant has not raised a substantial question permitting our review as to the trial court's imposition of consecutive sentences.

Accordingly, we agree with counsel that this appeal is wholly frivolous. Furthermore, our independent review of the record reveals no additional non-frivolous claims. We therefore grant counsel's Petition to Withdraw and affirm the November 10, 2016 Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017