J-S79018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIN C. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1020 MDA 2018 |

Appeal from the PCRA Order Entered May 18, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000660-2016

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:            **FILED FEBRUARY 04, 2019**

Appellant, Jamin C. Williams, appeals from the order entered on May 18, 2018, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 45 Pa.C.S.A. §§ 9541-9546.  On appeal, Appellant's counsel filed a petition to withdraw as counsel, and accompanying brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).[1]  Upon review, because counsel has not complied with our procedural requirements, we deny the motion to withdraw

---

[1] Counsel mistakenly filed a brief pursuant to *Anders*.  Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a *Turner*/*Finley* no-merit letter is the appropriate filing.  *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). "Because an *Anders* brief provides greater protection to a defendant, this Court may accept an *Anders* brief in lieu of a *Turner*/*Finley* letter." *Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

as counsel and remand for additional action consistent with this memorandum.

The PCRA court summarized the facts and procedural history of this case as follows:

> On December 9, 2016, [Appellant] entered a *nolo contendere* plea to one count each of criminal attempt – disarming law enforcement; fleeing and eluding [police]; and driving under suspension – DUI related.[2] On that same date, [the trial c]ourt accepted the sentence[ing] terms proposed by the plea agreement and imposed a sentence of [nine] to 36 months' incarceration on the count of criminal attempt – disarming law enforcement; a consecutive [nine] to 36 months' incarceration for fleeing and eluding [police]; and a concurrent sentence of 60 days' incarceration for driving under suspension – DUI related. [Appellant] did not file post-sentence motions or a direct appeal.
>
> On March 23, 2017, [Appellant] filed a *pro se* [PCRA petition]. The PCRA [p]etition alleged that trial counsel was ineffective for (a) failing to seek proper medical evidence to contradict the court-ordered mental health evaluation, (b) failing to work in [Appellant's] best interest or to an acceptable standard, and (c) coercing [Appellant] into waiving his preliminary hearing and entering into a plea agreement based on the threat of additional charges. By [o]rder dated March 27, 2017, Attorney Kristin Nicklas was appointed to represent [Appellant] in furtherance of his PCRA claims.
>
> On July 27, 2017, Attorney Nicklas filed a motion to withdraw as counsel and a "no merit" letter pursuant to [***Turner***/***Finley***]. Upon consideration of Attorney Nicklas' correspondence and [its] independent review of the record and the law, [the PCRA c]ourt entered an [o]rder on September 15, 2017, finding that

---

2 18 Pa.C.S.A. § 901/18 Pa.C.S.A. § 5104.1(a)(1), 75 Pa.C.S.A. § 3733, and 75 Pa.C.S.A. § 1542(b)(1), respectively. The charges arose from an incident on April 16, 2016, wherein Appellant engaged in a high-speed police chase while driving under a suspended license. When police employed tactics to stop the vehicle Appellant crashed, tried to flee on foot across an interstate highway, and grabbed an officer's taser. N.T., 12/9/2016, at 6-7.

[Appellant's] PCRA [p]etition lacked merit [after addressing each of the claims raised in the PCRA petition]. [The PCRA court] further advised [Appellant] of [its] intention to dismiss his PCRA [p]etition without a hearing pursuant to Pa.R.Crim.P. 907(1). Attorney Nicklas was granted leave to withdraw as counsel. [Thereafter, the PCRA court granted Appellant two requested extensions to file a *pro se* response to the impending dismissal of his PCRA.]

On December 11, 2017, [Appellant] filed a *pro se* "[m]otion for [PCRA] [r]elief" [that the trial court deemed an amended PCRA petition.] [In that filing, Appellant] alleged for the first time that he had asked trial counsel to file [a direct appeal and requested reinstatement of his direct appeal rights.] [Appellant] included a [*pro se*] [m]emorandum of [l]aw in which he alleged that trial counsel was ineffective for failing to seek "proper medical records," failing to notify him of his mental health rights, and failing "to have a complete and competent evaluation." [The PCRA court] entered an [o]rder on December 18, 2017, advising [Appellant] it would no longer entertain claims of ineffective assistance [of counsel] with respect to his mental health records and evaluation process as these claims were disposed of by prior [o]rder [entered on September 15, 2017]. [The PCRA court] did, however, schedule an evidentiary hearing and appoint[ed] Attorney Michael Palermo to assist [Appellant] in pursuing his claim of ineffective assistance of counsel for failing to file an appeal.

The evidentiary hearing was held on April 26, 2018 via video conference[e].

\* \* \*

After the evidentiary hearing, [the PCRA c]ourt concluded [Appellant] was entitled to no relief and issued an [o]rder [and accompanying opinion] denying [Appellant's original and amended] PCRA [p]etition[s] on May 18, 2018.

- 3 -

J-S79018-18

PCRA Court Opinion, 8/28/2018, at 1-5 (original footnotes omitted). This timely appeal resulted.[3]

> Our standard and scope of review are well-settled.
>
> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.
>
> *            *            *
>
> The ***Turner/Finley*** decisions provide the manner for postconviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

---

[3] Appellant filed a timely, counseled notice of appeal. Thereafter, Appellant requested a change in appointed counsel and the PCRA court eventually appointed Attorney Kristopher Accardi to represent Appellant on appeal. Attorney Accardi timely complied with the PCRA court's subsequent direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 28, 2018.

- 4 -

> [T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal.... [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney.

**Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014) (internal citations omitted).

Here, our review of the certified record confirms that it is incomplete. In its opinion, the PCRA court states that it held an evidentiary hearing, *via* video conferencing, on April 26, 2018. Upon our review, there are no docket entries indicating that an evidentiary hearing was held or that counsel subsequently ordered the transcripts from the PCRA hearing to be filed in the record. In their appellate filings, neither counsel for Appellant nor the PCRA court cite specifically to the notes of testimony from the PCRA hearing. However, because the PCRA court's opinion references and contains a detailed summary of the testimony presented by trial counsel and Appellant at the April 26, 2018 hearing, we have no reason to believe that the hearing did not transpire.

As mentioned above, however, one of our requirements is to conduct an independent review of the record and, in order to do so, this Court has stated:

> All appellants are required to insure a sufficient record is delivered to our Court for review. [**See generally** Pa.R.A.P. Chapter 19, Transmission of Record.] This requirement is especially important where counsel ha[s] filed an **Anders** brief and motion to withdraw. The filing of the **Anders** brief triggers the duty of our Court to conduct an independent review of the entire record to make sure counsel has fully represented his client's interest.

Thus, when *Anders* is implicated, the entire record needs to be transmitted. The failure to insure a sufficient record is transmitted to our Court is always a matter for concern. That failure is more notable where counsel concurrently files a motion to withdraw based upon the assertion the record is devoid of meritorious issues.

*Commonwealth v. Vilsaint*, 893 A.2d 753, 758 (Pa. Super. 2006) (internal citation omitted).

Although the foregoing principles reference the filing of an *Anders* brief in the context of a direct appeal, they apply with equal force on collateral review. Accordingly, we conclude that counsel has failed to fulfill his obligation for withdrawal. Therefore, we deny counsel's petition to withdraw and remand with instructions for counsel to obtain forthwith the notes of testimony from the PCRA evidentiary hearing held on April 26, 2018. Within 30 days of receipt of that transcript, and after a thorough review of the record, counsel is then directed to file either an advocate's brief or a *Turner/Finley* no-merit letter and concomitant petition to withdraw as counsel.[4]

Petition to withdraw as counsel denied. Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.

Judge Musmanno joins.

Judge Shogan concurs in the result.

---

[4] Finally, we note that Appellant filed a *pro se* application for the appointment of new counsel with this Court on January 7, 2019. We hold that filing in abeyance until we review the case following remand.