J-S07002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FREDERICK REDDITT :
:
Appellant : No. 1660 MDA 2018

Appeal from the Judgment of Sentence Entered August 3, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000564-2018

BEFORE: OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY OLSON, J.: **FILED APRIL 26, 2019**

Appellant, Frederick Redditt, appeals from the judgment of sentence entered on August 3, 2018, as made final by the denial of a post-sentence motion on August 15, 2018. On appeal, Appellant's counsel filed a petition to withdraw as counsel and accompanying brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981). Upon review, because counsel has not complied with our procedural requirements, we deny the motion to withdraw as counsel and remand for additional proceedings consistent with this memorandum.

Per the affidavit of probable cause, Appellant, on October 10, 2017, was involved in a hit and run motor vehicle accident. Police arrived at the scene of the accident after emergency medical services transported Appellant to the hospital. Officer William Pletcher of the Reading Police Department met with Appellant at the hospital, where he consented to a blood draw. The toxicology

_____

* Retired Senior Judge assigned to the Superior Court.

report indicated that Appellant had Delta-9 THC and its metabolites in his blood and a blood alcohol content ("BAC") of .014%.

On August 3, 2018, Appellant pled guilty in a court of common pleas to driving under the influence of a controlled substance - impaired ability ("DUI"),[1] and driving with a controlled substance or its metabolites in the blood while operating privilege is suspended or revoked ("DUS").[2] The trial court sentenced Appellant to a term of three days to six months' imprisonment on the DUI charge and a concurrent term of 90 days on the DUS charge, with credit for 134 days of time served.

On August 10, 2018, Appellant filed a post-sentence motion asking the trial court to vacate his sentence and re-sentence him as a court "not-of-record" for the purpose of avoiding a state parole violation under 61 Pa.C.S.A. § 6138(a)(1).[3] The court denied the post-sentence motion on

_____

[1] 75 Pa.C.S.A. § 3802(d)(2).

[2] 75 Pa.C.S.A. § 1543(b)(1.1)(i).

[3] "A parolee under the jurisdiction of the [parole] board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury *or to which the parolee pleads guilty or nolo contendere at any time thereafter in a* <u>*court of record*</u>, may at the discretion of the board be recommitted as a parole violator." 61 Pa.C.S.A. § 6138(a)(1) (emphasis added).

August 15, 2018.  On October 2, 2018, the court granted Appellant's petition to file a notice of appeal *nunc pro tunc*.[4]  This appeal followed.[5]

Appellant's counsel filed both a petition to withdraw and an ***Anders*** brief.[6]

> To be permitted to withdraw pursuant to ***Anders***, counsel must: (1) petition the court for leave to withdraw stating that *after making a conscientious examination of the record* it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention.  If these requirements are met, the Court may then evaluate the record to determine whether the appeal is frivolous.

***Commonwealth v. McBride***, 957 A.2d 752, 756 (Pa. Super. 2008) (citations omitted) (emphasis added).  In the ***Anders*** brief, "counsel must: (1) provide

---

[4] Appellant's plea counsel withdrew on August 29, 2018, and the court appointed the Berks County Office of the Public Defender to represent Appellant in his appeal.

[5] On October 9, 2018, the trial court ordered Appellant to file a concise statement of matters complained of on appeal.  In response, on October 18, 2018, Appellant's counsel filed a statement of intent to file an ***Anders/McClendon*** brief pursuant to Pa.R.A.P. 1925(c)(4).

[6] Counsel also filed a praecipe to withdraw her appearance with the prothonotary of this Court, stating, "[p]lease kindly withdraw my appearance on behalf of the above named [d]efendant."  Praecipe for Withdrawal of Appearance, 12/20/2018. This was not appropriate.  A praecipe is "a written request for an action [] from a party to a clerk of court[.]" *Praecipe*, Merriam-Webster's Legal Dictionary. (Online ed. 2019).  A praecipe is generally a request for an action that does not require judicial review.  As discussed throughout this memorandum, counsel needs judicial approval from this Court to withdraw her appearance on behalf of Appellant.  As such, we strike the praecipe for withdrawal of appearance from the record.

a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous." ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, counsel's ***Anders*** brief provides a curt summary of the factual and procedural history with absolutely no citations to the record. Upon careful review of the certified record this Court received, it appears that at least two hearings took place in this matter—a bail revocation/modification hearing on March 23, 2018, and the hearing during which Appellant entered his guilty plea on August 3, 2018. However, the certified record does not contain notes of testimony from either hearing. In fact, it appears that no transcripts were ordered.

Counsel for Appellant stated in her ***Anders*** brief and in the accompanying letter sent to Appellant, that after a thorough review of the *record and transcript*, she was unable to identify a meritorious argument. Based upon counsel's representation, we would have every reason to expect that at least one transcript should exist and be part of the record. However, the docket indicates that no transcript was ever ordered in this matter. Moreover, counsel's failure to request and review the transcripts is made even more troubling by the fact that counsel was appointed to represent Appellant in this direct appeal after his plea counsel was permitted to withdraw. She

took no part in any prior proceedings. As such, for counsel to have "conduct[ed] a conscientious examination of the record" and concluded there were no non-frivolous claims available to Appellant, she would have needed to order those transcripts.[7] **McBride**, 957 A.2d at 756.

Moreover, in reviewing a petition to withdraw and accompanying **Anders** brief, one of our requirements is to conduct an independent review of the record and, in order to do so, this Court has stated:

> All appellants are required to insure a sufficient record is delivered to our Court for review. [**See generally** Pa.R.A.P. Chapter 19, Transmission of Record.] This requirement is especially important where counsel ha[s] filed an **Anders** brief and motion to withdraw. The filing of the **Anders** brief triggers the duty of our Court to conduct an independent review of the entire record to make sure counsel has fully represented [her] client's interest[s].

**Commonwealth v. Vilsaint**, 893 A.2d 753, 758 (Pa. Super. 2006) (internal citation omitted), *citing* **Commonwealth v. Oakes**, 683 A.2d 681, 682 (Pa. Super. 1996). In order to discharge our duty, we must have the opportunity to review the entire record independently. Without the entire record, we are

---

[7]**See Commonwealth v. Orellana**, 86 A.3d 877, 882 (Pa. Super. 2014) (internal quotation and citation omitted) ("the right to representation on direct appeal is not satisfied merely by addressing those issues that the unschooled client wishes to advance. Rather[]the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.").

Although counsel may be aware of the issue Appellant ultimately seeks to raise, **see infra** at footnote 3, her task under **Anders** was to review the record, including transcripts, and ascertain whether any non-frivolous claims could be raised on behalf of Appellant. Counsel's failure to order transcripts demonstrates that she has not discharged her duty.

unable to determine if "counsel has fully represented [her] client's interest[s]." *Id.*

Accordingly, we conclude that counsel has failed to fulfill her obligation for withdrawal. We deny counsel's petition to withdraw and remand with instructions for counsel to obtain **forthwith** the notes of testimony from the August 3, 2018, plea and sentencing hearing as well as any other relevant notes of testimony, including the March 23, 2018, bail revocation/modification hearing. Counsel is further instructed to ensure that all of the notes of testimony are transmitted to this Court and included in the certified record. Within 30 days of receipt of such transcripts, and after a thorough review of the record, counsel is then directed to file either an advocate's brief or a petition to withdraw as counsel and an appropriate *Anders* brief.

Petition to withdraw as counsel denied. Praecipe for Withdrawal of Appearance stricken. Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.