J-S05024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NIKYLE GILLIAM | : | |
| | : | |
| Appellant | : | No. 212 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003680-2021

BEFORE: BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 28, 2025**

Nikyle Gilliam (Appellant) appeals from the judgment of sentence imposed following his nonjury convictions of sexual assault, indecent assault, and indecent exposure.[1] Appellant's counsel (Counsel) has filed in this Court a petition to withdraw as counsel and an accompanying brief in accordance with **_Anders v. California_**, 386 U.S. 738 (1967), and **_Commonwealth v. Santiago_**, 978 A.2d 249 (Pa. 2009). We deny Counsel's petition to withdraw and remand with instructions.

Based on our disposition, we need not extensively discuss the factual history of this appeal. Briefly, Appellant assaulted the complainant, T.C., a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3124.1, 3126(a)(1), 3127.

woman he had met on Tinder. Following a bench trial on June 26, 2023, Appellant was convicted of the above-described offenses. On August 22, 2023, prior to sentencing, Appellant filed a motion for extraordinary relief, challenging his convictions as against the weight of the evidence. The trial court denied Appellant's motion. On December 6, 2023, the trial court sentenced Appellant to an aggregate 2½ to 6 years in prison, followed by 3 years' probation.

This timely appeal followed. On August 23, 2024, Counsel filed in this Court a petition to withdraw from representation and an **_Anders_** brief. Appellant did not retain separate counsel or file a response raising any additional issues.

We address Counsel's petition to withdraw before considering the issues raised in the **_Anders_** brief. **_See Commonwealth v. Garang_**, 9 A.3d 237, 240 (Pa. Super. 2010) ("When presented with an **_Anders_** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." (citation omitted)). Counsel seeking to withdraw from representation must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to *Santiago*, counsel must also

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citing *Santiago*, 978 A.2d at 361). "If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007). Once counsel has complied with the procedural requirements, we review the record and render an independent judgment as to whether the appeal is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel filed an *Anders* brief and a separate petition to withdraw from representation. Counsel stated he made a conscientious examination of the record and concluded Appellant's appeal is frivolous. *See* Petition to Withdraw, 8/23/24; *see also Anders* Brief at 9. Additionally, Counsel sent a letter to Appellant informing him of Counsel's intention to withdraw, and advising Appellant of his right to retain new counsel or proceed

*pro se* to raise additional claims.[2]  The record reflects that Counsel furnished Appellant with copies of the petition to withdraw and the ***Anders*** brief.

However, we conclude the substance of Counsel's ***Anders*** brief is deficient.  The ***Anders*** brief summarizes the factual and procedural history of this appeal.  Counsel also identified three issues challenging (1) the sufficiency of the evidence; (2) the weight of the evidence; and (3) the denial of Appellant's motion for extraordinary relief.  ***See Anders*** Brief at 4.

Despite identifying these issues in the statement of questions involved, the argument section of the ***Anders*** brief is not appropriately divided to include discussion of all three claims.  ***See*** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued…."). Instead, Counsel merely recites this Court's standards of review for addressing sufficiency and weight claims, conflating those distinct standards in the process.  Counsel summarily states that the trial court found the complainant's testimony credible, and the alleged inconsistencies in the complainant's testimony did not shock its conscience.  ***See Anders*** Brief at 7-8.  Counsel thus concludes Appellant's weight claim lacks merit, but fails to discuss Appellant's sufficiency claim.

---

[2] This letter was not included in Counsel's original filings with this Court.  On December 27, 2024, this Court issued an order directing Counsel to submit to this Court a copy of the letter he sent to Appellant, along with proof of service. Counsel promptly complied.

- 4 -

Nor does the **Anders** brief refer to anything in the record that Counsel believes arguably supports the appeal. The argument section of the **Anders** brief includes only a single citation to the record. Though the factual and procedural history recited in the **Anders** brief include citations to the notes of testimony, we emphasize that the certified record does **not** include the transcript from either Appellant's bench trial or his sentencing. Additionally, there is no indication from the record that Counsel requested any of the notes of testimony. "Without these notes of testimony, Counsel could not have fulfilled his duty to review the entire record for any non-frivolous issues." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015); **Commonwealth v. Vilsaint**, 893 A.2d 753, 757-58 (Pa. Super. 2006) (denying counsel's motion to withdraw where the relevant transcripts were not part of the record, and there was no indication that counsel ordered the transcripts); **see also Commonwealth v. Martz**, 926 A.2d 514, 525 (Pa. Super. 2007) ("It is [] well-settled … that it is [an a]ppellant's responsibility to supply this Court with a complete record for purposes of review."). The absence of the transcripts from the certified record similarly impedes this Court's ability to conduct its independent review. **See Vilsaint**, 893 A.2d at 757 (stating that counsel's failure to fulfill the requirements of **Anders**, and to provide a complete record on appeal, denied "this Court the ability to fully comply with our obligation to review the entire record").

Based on the foregoing, "we are not assured, as **Anders** requires, that "[C]ounsel fully performed his duty as [Appellant's] advocate to independently search the record as a trained advocate with an eye to uncovering appealable error before concluding [his] appeal was frivolous." **Santiago**, 978 A.2d at 177. We therefore deny Counsel's petition to withdraw and remand with instructions for Counsel to obtain the notes of testimony and make certain they are part of the certified record. Following a review of the **complete** record, and **within 30 days of the filing of this memorandum**, Counsel shall file either a proper petition to withdraw and **Anders** brief, or an advocate's brief. **See Flowers**, 113 A.3d at 1250-51 (remanding with instructions for counsel to obtain relevant transcripts and to file an advocate's brief or another **Anders** brief and petition to withdraw). Thereafter, the Commonwealth shall have 30 days to file a responsive brief.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.