J-S17001-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| SHAWN J. WATTS | : | |
| Appellant | : | No. 2428 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 6, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007258-2023

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 6, 2025**

Shawn J. Watts (Appellant) appeals from the judgment of sentence imposed following his non-jury convictions of two counts each of simple assault, recklessly endangering another person, and driving under the influence (DUI) – general impairment; and one count each of aggravated assault, aggravated assault by vehicle while DUI, and careless driving.[1] Appellant's court-appointed appellate counsel, George S. Yacoubian, Jr., Esquire (Attorney Yacoubian), has filed in this Court a petition to withdraw as counsel and an accompanying brief in accordance with ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 249 (Pa.

---

[1] 18 Pa.C.S.A. §§ 2701(a), 2705, 2702(a)(1); 75 Pa.C.S.A. §§ 3802(a)(1), 3735.1(a), 3714(a).

2009). We deny Attorney Yacoubian's petition to withdraw and direct him to file either a compliant **Anders** brief or an advocate's brief.

Based on our disposition, we need not extensively discuss the factual history of this appeal. Briefly, Appellant struck two pedestrians, Shanik Baxter (Baxter), and 8-year-old A.H., with his vehicle. Baxter suffered a broken kneecap, and A.H. was treated for several scrapes. When police arrived on scene, officers observed a partially empty tequila bottle in the back seat of Appellant's vehicle. Officer Timothy Camlin noted that Appellant's eyes were glassy, and Appellant smelled of alcohol. Police arrested Appellant and transported him to the hospital. Another officer read to Appellant the PennDOT DL-26 implied consent form. Appellant refused to sign the form and refused to submit to chemical testing.

Following a bench trial on June 6, 2024,[2] the trial court convicted Appellant of the above-described offenses. On August 23, 2024, the trial court sentenced Appellant, for his aggravated assault conviction, to 5 to 10 years' imprisonment, followed by 3 years' probation. For his aggravated assault by vehicle while DUI conviction, the trial court imposed 10 years of probation, to run concurrently with his aggravated assault sentence. For the remaining convictions, the trial court entered a finding of guilt without further

_____

[2] Appellant was represented by Matthew Sherman Hagarty, Esquire, during the bench trial.

punishment. Appellant filed a timely post-sentence motion, which the trial court denied.

This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925. On December 14, 2024, Attorney Yacoubian filed in this Court an **Anders** brief, and filed his petition to withdraw two days later. Appellant did not retain separate counsel or file a *pro se* response raising any additional issues.[3]

We address Attorney Yacoubian's petition to withdraw before considering the issues raised in the **Anders** brief. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) ("When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.") (citation omitted). Counsel seeking to withdraw from representation must

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

---

[3] We note that on March 18, 2025, Appellant filed a *pro se* application for appointment of counsel. On April 4, 2025, this Court entered an order denying Appellant's application and permitting Appellant to file a response to the petition to withdraw and **Anders** brief, either *pro se* or via privately retained counsel, within 30 days. Order, 4/4/25.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*).

> Pursuant to *Santiago*, counsel must also
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citing *Santiago*, 978 A.2d at 361).  "If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).  Once counsel has complied with these requirements, we review the record and render an independent judgment as to whether the appeal is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, Attorney Yacoubian filed an *Anders* brief and a separate petition to withdraw from representation.  *See* Petition to Withdraw, 12/16/24; *Anders* Brief.  In his *Anders* brief, Attorney Yacoubian stated he made a "comprehensive" review of the record and concluded Appellant's appeal is frivolous.  *Anders* Brief at 7.  Additionally, Attorney Yacoubian sent a letter to Appellant informing him of Attorney Yacoubian's intention to withdraw, and advising Appellant of his right to retain new counsel or proceed

*pro se* to raise additional claims. Letter, 12/17/24. The record reflects that Attorney Yacoubian furnished Appellant with copies of the petition to withdraw and the *Anders* brief.

However, we conclude the substance of Yacoubian's *Anders* brief is deficient. The *Anders* brief summarizes the factual and procedural history of this appeal. Attorney Yacoubian also identified three issues challenging (1) the weight of the evidence; (2) the sufficiency of the evidence; and (3) the discretionary aspects of his sentence. *See Anders* Brief at 8-11.

The *Anders* brief fails to refer to anything in the record that Attorney Yacoubian believes arguably supports the appeal. Each argument section in the *Anders* brief includes citations to the pertinent standard of review, but little to no additional citations to legal authorities supporting his argument. *See* Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); *see also Commonwealth v. Armolt*, 294 A.3d 364, 379 (Pa. 2023) ("[M]ere issue spotting without sufficient analysis or legal support precludes appellate review."). Indeed, regarding Appellant's weight and sufficiency claims, Attorney Yacoubian essentially defers to the trial court's reasoning, as set forth in its opinion. *See Anders* Brief at 8-9. Concerning Appellant's discretionary sentencing claim, Attorney Yacoubian summarily states Appellant's sentence is not unduly excessive or manifestly unreasonable. *Id.* at 10-11.

"Counsel may not file a brief that argues against his client's interest. A brief that essentially argues for affirmance is unacceptable." ***Commonwealth v. Vilsaint***, 893 A.2d 753, 758 (Pa. Super. 2006) (citations omitted); ***see also Commonwealth v. Boozer***, 222 A.3d 890, 492 EDA 2018 (Pa. Super. 2019) (unpublished memorandum at 7-8) (same).[4] Attorney Yacoubian's ***Anders*** brief—which sets forth conclusory statements against Appellant's interest and otherwise relies on the trial court's opinion recommending affirmance of Appellant's judgment of sentence—does not fulfill the substantive requirements of ***Anders*** and ***Santiago***. Accordingly, we direct Attorney Yacoubian to file either a proper ***Anders*** brief or an advocate's brief within 30 days from the date of this memorandum. The Commonwealth shall have 30 days thereafter to file a responsive brief.

Petition to withdraw denied. Panel jurisdiction retained.

---

[4] Pursuant to Pa.R.A.P. 126(b), this Court's unpublished memorandum decisions filed after May 1, 2019, may be cited for their persuasive value. Significantly, in ***Boozer***, this Court concluded the ***Anders*** brief, also filed by Attorney Yacoubian, was deficient, where Attorney Yacoubian "d[id] nothing more than present conclusory statements supporting affirmance of the verdict." ***Boozer***, 222 A.3d 890 (unpublished memorandum at 8).